**Ex parte Bertram CROSBY, Applicant.**

**Ex parte Lillie Rene ERWIN, Applicant.**

**Nos. 69535, 69536.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 5, 1986.

**684**

Melinda Hoyle Bozarth, Huntsville, for applicants.

Herbert B. Hancock, Dist. Atty., and Martha J. Sullivan, Asst. Dist. Atty., Nacogdoches, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Applicants filed applications for writs of habeas corpus pursuant to Art. 11.07, V.A. C.C.P. Applicants allege that their constitutional rights against double jeopardy have been violated.

Applicants broke into a residence owned and occupied by W.H. Thurston and his wife, Mary Alice Thurston, with the intent to commit robbery. After causing bodily injury to both W.H. and Mary Alice Thurston, applicants robbed only W.H. Thurston and fled.

On September 21, 1983, each applicant pleaded guilty to the aggravated robbery of W.H. Thurston and was sentenced to life imprisonment. The aggravating element of these indictments alleged that the applicants caused "serious bodily injury to W.H. Thurston." [1] Subsequently, each applicant again pleaded guilty to the aggravated robbery of W.H. Thurston and received an additional life sentence which was to run concurrently with the sentence already imposed. The aggravating element of these subsequent indictments alleged that applicants caused "serious bodily injury to Mary Alice Thurston." [2] Thus, each applicant was convicted twice for the aggravated robbery of W.H. Thurston. The only difference in the offenses charged was the person alleged in the indictments to have suffered serious bodily injury.

Applicants argue that the second conviction is a violation of the guarantee against double jeopardy embodied in the Fifth Amendment to the United States Constitution, Art. I, Sec. 14 of the Texas Constitution and Art. 28.13, V.A.C.C.P.

An examination of the relevant statutory provisions makes clear that the indictment(s) alleged the same offense and that the applicants' rights against double jeopardy have been violated. Under V.T.C.A., Penal Code, Sec. 29.03, a person commits the offense of aggravated robbery if he commits robbery as defined in Sec. 29.02 and (1) causes serious bodily injury to another; or (2) uses or exhibits a deadly weapon. Under V.T.C.A., Penal Code, Sec. 29.02, a person commits the offense of robbery if, while in the course of committing theft as defined in Chapter 31 of the Penal Code and with the intent to obtain and

1. The indictments in cause numbers 1254–83–9 charging Crosby and 1256–83–9 charging Erwin read in relevant part:
   ... while in the course of committing theft and with the intent to obtain property of W.H. Thurston, ..., did then and there intentionally and knowingly *cause serious bodily injury to W.H. Thurston*....

2. The indictments in cause numbers 1255–83–9 charging Crosby and 1257–83–9 charging Erwin read in relevant part:
   ... while in the course of committing theft and with the intent to obtain property of W.H. Thurston, ..., did then and there intentionally and knowingly *cause serious bodily injury to Mary Alice Thurston*....

maintain control of the property, the defendant: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. And under V.T.C.A. Penal Code, Sec. 31.03 a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property. In sum, the elements of aggravated robbery as presented in this case are:

(1) while in the course of committing theft;

(2) with the intent to obtain and maintain control of property owned by W.H. Thurston;

(3) with the intent to deprive W.H. Thurston of that property;

(4) without the effective consent of W.H. Thurston;

(5) caused serious bodily injury to another.

The Penal Code makes it clear that theft is an integral part of the offense of aggravated robbery. In the instant case only one theft of one person occurred. Thus, only one aggravated robbery can have taken place. Applicants appropriated property belonging to W.H. Thurston. The fact that they assaulted more than one person in the course of that theft does not mean that more than one aggravated robbery took place. Perhaps applicants could have been indicted for aggravated assault with respect to Mary Alice Thurston but they should not have been indicted and convicted for an additional aggravated robbery.

As the United States Supreme Court said in *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed. 187 (1977):

> The Double Jeopardy clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal of spatial units.
> 432 U.S. at 169, 97 S.Ct. at 2227.

However, the State argues that double jeopardy has not been violated. To support their position the State attempts to show that the test established by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1933), referred to as the "Blockburger Test" is satisfied. The "Blockburger Test" states:

> ... that where the same act or transaction constitutes a violation of *two distinct statutory provisions* the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
> 284 U.S. at 304, 52 S.Ct. at 182 (emphasis added)

The State argues that the "Blockburger Test" applies in this case because the person alleged in the indictment to have suffered serious bodily injury is different. The State argues that because it must prove that different individuals suffered serious bodily injury in the two cases there is a different element to be proved in each case. The fallacy with this argument is that the "Blockburger Test" does not apply to the instant case because "two distinct statutory provisions" are not involved. Rather, the indictments charge two violations of the same statutory provision. Thus, the "Blockburger Test" does not apply in the instant case.

From the record it appears that the convictions based upon the indictments alleging injury to W.H. Thurston, Cause No. 1254–83–9 for applicant Crosby and Cause No. 1256–83–9 for applicant Erwin, were entered first and will be upheld. The remaining convictions based upon indictments alleging injury to Mary Alice Thurston, Cause No. 1255–83–9 for applicant Crosby and Cause No. 1257–83–9 for applicant Erwin, are reversed. Relief is granted in part and denied in part. A copy of this opinion will be forwarded by the Clerk of this Court to the Texas Department of Corrections.

ONION, P.J., concurs in result.