Douglas BLAKELY, a/k/a General Douglas Blakely, Appellant,

v.

The STATE of Texas, Appellee.

No. 389–221–CR.

Court of Appeals of Texas, Austin.

July 24, 1991.

See also, 813 S.W.2d 234.

Ian Inglis, Austin, for appellant.

Ken Anderson, Dist. Atty., Georgetown, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

KIDD, Justice.

The double jeopardy clause of the Fifth Amendment to the United States Constitution has been called a "veritable Sargasso Sea which could not fail to challenge the most intrepid judicial navigator."[1] Today, we embark upon the task of deciding two causes of striking factual similarity wherein each appellant challenges his robbery conviction on the ground that his constitutional right to be protected from double jeopardy has been violated.[2] In *Mitchell v. State*, 813 S.W.2d 234 (Tex.App.1991), we affirm the judgment of conviction; in this cause we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 27, 1988, Dorothy Lindemann reported for work at the Kid's Kloset retail clothing store. She was accompanied by her three-year old son, Bret Lindemann. Appellant entered the store and had a brief conversation with Ms. Lindemann, who was working the front cash register. Appellant left the store briefly, then reentered and began beating Ms. Lindemann about the head.

Bret Lindemann came to the front of the store when he heard the commotion involving his mother. Appellant grabbed Bret's arm and threatened to hurt him if Dorothy did not reveal the location of her purse. Dorothy motioned that the purse was behind the store's counter. Appellant released Bret, went behind the counter and broke into the store's cash drawer, where he found Dorothy's purse. Appellant took the purse, approximately twenty dollars in cash from the drawer, and a blanket within which to conceal the purse. Appellant took no property from Bret Lindemann.

This incident gave rise to two indictments. The first indictment, cause number 89–163–K, alleged that appellant "intentionally and knowingly caused bodily injury to Dorothy Lindemann by hitting her with his hand in the course of committing theft and with intent to obtain and maintain control of the property." The State further alleged that appellant "intentionally and knowingly threatened and placed Dorothy Lindemann in fear of imminent bodily injury and death in the course of committing theft and with intent to obtain and maintain control of the property."

The second indictment, cause number 89–164–K, which was issued the same day, alleged that appellant "intentionally and knowingly threatened and placed Bret Lindemann in fear of imminent bodily injury and death in the course of committing theft and with intent to obtain and maintain control of the property."

Cause number 89–163–K was tried to a jury in June, 1989. The jury found appellant guilty of robbing Dorothy Lindemann and punishment was assessed at imprisonment for life and a $7,200.00 fine. Appellant appealed to this Court. This Court affirmed his conviction in cause number 3–89–147–CR, an unpublished opinion. The Court of Criminal Appeals denied appellant's petition for discretionary review on January 4, 1991.

Cause number 89–164–K was tried to a jury in October, 1989. Appellant was convicted of robbing Bret Lindemann and punishment was assessed at imprisonment for ninety years and a $2,500.00 fine. It is from the latter conviction that appellant now appeals.

## DISCUSSION AND HOLDING

In his first point of error appellant contends that his conviction for robbery in this cause violates his right to be free of double jeopardy under the U.S. Const. amend. V and Tex. Const. Ann. art. I, § 14 (1984).[3]

---

1. See *Albernaz v. United States*, 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981).

2. See U.S. Const. amend. V and Tex. Const. Ann. art. I, § 14 (1984).

3. The robbery statute under which appellant was convicted in both causes is Tex.Pen.Code Ann. § 29.02 (1989). Under § 29.02, a person commits the offense of robbery if, while in the course of committing theft as defined in Chapter 31 of the Penal Code and with the intent to obtain and maintain control of the property, the defendant: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury

Appellant alleges that the evidence adduced at both trials demonstrated that, while *two assaults* occurred, only *one theft* was committed. Therefore, because the State is using a single theft to support the two separate robbery convictions, one involving Dorothy Lindemann and the other involving her three-year-old child, Bret, from whom no property was taken, appellant argues that he is being subjected to double jeopardy.

This precise issue has been addressed on two occasions by the Court of Criminal Appeals. *See Simmons v. State*, 745 S.W.2d 348 (Tex.Cr.App.1987); *Ex parte Crosby*, 703 S.W.2d 683 (Tex.Cr.App.1986). In *Crosby*, two defendants broke into the home of W. H. and Mary Alice Thurston. After causing bodily injury to both husband and wife, the defendants took property belonging to W. H. Thurston and fled. Each defendant was separately indicted for two aggravated robberies. In the first indictment the State alleged that, while committing a theft of property belonging to W. H. Thurston, the defendants caused bodily injury to W. H. Thurston. In the second indictment the State alleged that, while committing a theft of property belonging to W. H. Thurston, the defendants caused serious bodily injury to Mary Alice Thurston. The defendants pleaded guilty to both indictments in separate proceedings.

The Court of Criminal Appeals held that basing the two prosecutions for aggravated robbery on the same theft amounted to double jeopardy:

> The Penal Code makes it clear that *theft is an integral part of the offense of aggravated robbery*. In the instant case *only one theft occurred. Thus, only one aggravated robbery can have taken place*. Applicants appropriated property belonging to W.H. Thurston. *The fact that they assaulted more than one person in the course of that theft does not mean that more than one aggravated robbery took place*. Perhaps applicants could have been indicted for aggravated

assault with respect to Mary Alice Thurston but they should not have been indicted and convicted for an additional aggravated robbery.

*Crosby*, 703 S.W.2d at 685 (emphasis added).

The following year the Court of Criminal Appeals reaffirmed *Crosby* in *Simmons v. State*, 745 S.W.2d 348 (Tex.Cr.App.1987). In *Simmons*, the defendant broke into a couple's motel room. The defendant assaulted both the man and the woman, but only took money from the man. After being tried and convicted of robbing the man, the defendant was indicted for robbing the woman. He was again convicted.

Relying on *Crosby* and *January v. State*, 695 S.W.2d 215 (Tex.App.1985), aff'd, 732 S.W.2d 632 (Tex.Cr.App.1987), the Court of Criminal Appeals reversed the second conviction. The Court observed that the facts in *Simmons* were "identical in substance" to those present in *Crosby*. Because the two prosecutions were based on a common incident—the theft from the man—the second prosecution constituted double jeopardy. 745 S.W.2d at 351–52.

The law as set forth in *Crosby* and *Simmons* controls our disposition of this cause. Appellant was indicted for robbery of both Dorothy and Bret Lindemann. As in *Crosby* and *Simmons*, the State's indictments were essentially identical except for the person alleged to have been placed in fear of imminent bodily injury. The State proved the same conduct—the theft of Dorothy Lindemann's purse, cash from the store, and the blanket—in both the prosecution for the robbery of Dorothy Lindemann and the separate prosecution for the robbery of Bret Lindemann. This the State cannot do without subjecting appellant to double jeopardy.

The State argues that recent opinions by the United States Supreme Court and the Court of Criminal Appeals require us to hold that the subsequent conviction of appellant in this cause is valid. We disagree.

The State cites the recent United States Supreme Court case of *Grady v. Corbin*,

or death. Under Tex.Pen.Code Ann. § 31.03 (1989), a person commits the offense of theft if

he unlawfully appropriates property with intent to deprive the owner of the property.

495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), as support for its conclusion that appellant was not subjected to double jeopardy when he was prosecuted for robbery in this cause. *Grady v. Corbin* is the Supreme Court's most comprehensive review of the constitutional prohibition against double jeopardy since its 1932 decision in *Blockburger v. United States. See* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Supreme Court in *Grady v. Corbin* reiterated that the double jeopardy clause embodies three protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." 110 S.Ct. at 2090 (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). *Blockburger* addresses the multiple punishments component of double jeopardy, while *Grady v. Corbin* addresses the multiple prosecutions component. *See* 110 S.Ct. at 2090–2091.

In *Grady v. Corbin,* a motorist under the influence of alcohol caused an accident in which another person was killed. After successfully prosecuting the motorist for driving while intoxicated, the State undertook to prosecute him for vehicular manslaughter. As a matter of law, driving while intoxicated (DWI) was a lesser included offense of vehicular manslaughter. The defendant argued that the subsequent prosecution for vehicular manslaughter violated his Fifth Amendment right to be free from double jeopardy. The Supreme Court first applied the *Blockburger* test, which "prohibits successive prosecutions for the same criminal act or transaction *under two criminal statutes* whenever each statute does not 'requir[e] proof of a fact which the other does not.'" *Grady,* 110 S.Ct. at 2087 (emphasis added). The Supreme Court noted that "[i]f application of that [Blockburger] test reveals that the *offenses have identical statutory elements* or that one is

a lesser included offense of the other, then the inquiry must cease and the subsequent prosecution is barred." *Id.* (citing *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)) (emphasis added). Because DWI and vehicular manslaughter each had a unique element, they were not the "same offense" applying the *Blockburger* analysis.

The Supreme Court then proceeded to hold that, when a person is subjected to *successive prosecutions,* the subsequent prosecution and conviction must do more than merely survive the *Blockburger* test. 110 S.Ct. at 2093. Successive prosecutions and convictions are barred by double jeopardy if, in order to establish an *essential element* of an offense charged in the subsequent prosecution, the government will prove *conduct* that constitutes an offense for which the defendant has already been prosecuted. *Id.* The critical inquiry is what *conduct* the state will prove, not the evidence the state will use to prove that conduct. *Id.* The Supreme Court then held that, because the act of driving while intoxicated for which the defendant had already been prosecuted was an essential element of the vehicular manslaughter offense, the subsequent prosecution was barred by double jeopardy.

The holding in *Grady v. Corbin* is a narrow one: where the same criminal conduct violates two different penal statutes, and where one of the offenses so committed is a lesser included offense of the other, successive prosecutions for both offenses constitute double jeopardy.[4] But this holding is based on a broader principle:

> The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity.

---

4. This rule had been recognized and applied in Texas before *Grady. See Ex parte Peterson,* 738 S.W.2d 688 (Tex.Cr.App.1987); *May v. State,* 726 S.W.2d 573 (Tex.Cr.App.1987); *State v. French,* 770 S.W.2d 600, 602 (Tex.App.1989, no pet.).

*Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957), quoted in *Grady v. Corbin,* 110 S.Ct. at 2091. The holding in *Crosby* and *Simmons,* that a defendant may not be separately prosecuted for two robberies based on the *same theft,* is consistent with this underlying principle. The burden of successive prosecutions based on the same criminal conduct is just as great when the prosecutions are brought under the same statute as when they are brought under different statutes.

The State also argues that the Court of Criminal Appeals' recent opinion in *Ex parte Ramos,* 806 S.W.2d 845 (Tex.Cr.App. 1991), "effectively overruled" *Ex parte Crosby.* We disagree.

In *Ramos,* the State first prosecuted the defendant for burglary of a habitation with intent to commit sexual assault. The defendant was convicted of that offense and was sentenced to forty-five years' imprisonment. The State then prosecuted the defendant for the offense of aggravated sexual assault based on the same incident. The defendant pleaded guilty to the lesser included offense of sexual assault and was sentenced to twenty years' imprisonment. In a post-conviction habeas corpus proceeding, the defendant argued that the second conviction was void because it violated his constitutional right to be free from double jeopardy.

The Court of Criminal Appeals first applied the *Blockburger* test and found the offenses of burglary of a habitation and sexual assault each had clearly separate statutory elements. *Ramos,* 806 S.W.2d at 847–48. The Court then applied *Grady v. Corbin,* and held that the conduct which constituted the offense of burglary of a habitation was not used to establish an essential element of the subsequent offense of sexual assault. *Id.* at 848.

*Ramos* is distinguishable from *Crosby* and *Simmons* and from the cause we decide today. The conduct proved to convict Ramos of sexual assault (penetration of the victim) was not the conduct proved to convict him of burglary (entry of the victim's house with *intent* to commit sexual assault). In the cause before us, as in *Cros-*

*by* and *Simmons,* both the original robbery conviction and the subsequent robbery conviction were based on proof of the same theft. The same criminal conduct was used to prove an essential element of the offense in both prosecutions. We conclude that *Ramos* did not implicitly overrule *Crosby* and *Simmons;* therefore, we must adhere to their holdings in this cause.

Under the facts of this cause, the State could have prosecuted appellant for the robbery of Dorothy Lindemann and the assault of Bret Lindemann. *See Crosby,* 703 S.W.2d at 683. What the State could not do, consistent with the constitutional guarantee against double jeopardy, was try appellant for two robbery indictments based upon a single act of theft.

Appellant's first point of error is sustained. His other points of error need not be addressed. *See* Tex.R.App.P.Ann. 90(a) (Pamph.1991). Because we have found that the State violated appellant's rights against double jeopardy, the judgment of conviction is reversed, and the indictment is ordered dismissed.