**Eugene MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–198–CR.**

Court of Appeals of Texas, Austin.

July 24, 1991.

See also, 814 S.W.2d 433.

Walter C. Prentice, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

KIDD, Justice.

Today we decide two cases in which the appellant challenges his robbery conviction on the ground that the State has violated his constitutional right to be protected from double jeopardy.[1] In *Blakely v. State*, 814 S.W.2d 433, Tex.App.–Austin, 1991, we hold that the State violates a defendant's right to be free of double jeopardy when it proves conduct constituting a single theft in two separate prosecutions for robbery of two different victims. In this cause, however, the State proved conduct constituting *two separate thefts* in two separate prosecutions for the aggravated robbery of two different victims. We therefore hold that, in this cause, the State did not violate the defendant's right to be free of double jeopardy and affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

On the morning of January 11, 1989, appellant Eugene Mitchell and a codefendant entered a Circle K convenience store and inquired about buying beer and cigarettes. Suddenly, appellant attacked Asencion Silva, the store clerk, with a knife and threatened to kill him if he did not open the store's safe. Appellant cut and stabbed Silva on the hand, arms, shoulder, and head. During the struggle a roll of coins fell from a machine. Appellant took some of the money and left the store.

Meanwhile, appellant's codefendant attacked Rhinehart Putnam, a friend of Sil-

---

1. *See* U.S. Const. amend. V and Tex.Const.Ann. art. I, § 14 (1984).

va's who was in the store when this incident began. Appellant attempted to help his codefendant by stabbing Putnam in the back and shoulder. Appellant then took money and glasses that belonged to Putnam.

In cause number 96,533, the State prosecuted appellant and his codefendant for the aggravated robbery of Silva under the following indictment:

Eugene Mitchell ... while in the course of committing theft of property and with intent to obtain and maintain control of the property intentionally and knowingly by using a deadly weapon, to-wit: a knife, manifestly designed, made and adapted for the purpose of inflicting death and serious bodily injury and that in the manner of its use and intended use was capable of causing death and serious bodily injury, caused bodily injury to Asencion Silva by stabbing Asencion Silva about the body with said knife.

Appellant was tried, found guilty, and was sentenced to life imprisonment. Appellant appealed to this Court and we affirmed his conviction in cause number 3–89–197–CR, an unpublished opinion.

Subsequently, on August 31, 1989, appellant waived a jury trial and pleaded guilty[2] to the aggravated robbery of Putnam in cause no. 96,634 under the following indictment:

Eugene Mitchell ... while in the course of committing theft of property and with intent to obtain and maintain control of the property intentionally and knowingly by using a deadly weapon, to-wit: a knife, manifestly designed, made and adapted for the purpose of inflicting death and serious bodily injury and that in the manner of its use and intended use was capable of causing death and serious bodily injury caused bodily injury to Rhinehart Putnam by stabbing Rhinehart Putnam about the body with said knife.

Appellant was convicted and sentenced to thirty (30) years imprisonment to be served concurrently with his sentence in cause no. 96,533. It is from this latter conviction that appellant now appeals.

### DISCUSSION AND HOLDING

Appellant complains in one point of error that his conviction for aggravated robbery[3] in this cause violates his right to be free of double jeopardy under the U.S. Const. amend. V and Tex.Const.Ann. art. I, § 14 (1984). He suggests that this cause is identical to *Ex parte Crosby*, 703 S.W.2d 683 (Tex.Cr.App.1986) and *Simmons v. State*, 745 S.W.2d 348 (Tex.Cr.App.1987). In those cases, the Court of Criminal Appeals held that the defendants could not be prosecuted twice for the offense of aggravated robbery when there were assaults on two victims in the course of a single theft transaction.[4] The State argues that the two prosecutions in this cause are distinguishable from *Crosby* and *Simmons* because appellant committed a separate and distinct assault and theft against each victim. The State therefore concludes that appellant was not subjected to double jeopardy. We agree.

This appeal is distinguishable from *Crosby* and *Simmons*. In this cause, the appellant committed assaults against two vic-

**2.** Appellant reserved the right to argue his double jeopardy claim on appeal.

**3.** The aggravated robbery statute in effect at the time this cause arose was 1973 Tex.Gen.Laws, ch. 399, § 29.03, at 926 [Tex.Pen.Code Ann. § 29.03, since amended]. Under § 29.03, a person commits the offense of aggravated robbery if he commits robbery as defined in Tex.Pen. Code Ann. § 29.02 (1989) and (1) causes serious bodily injury to another; or (2) uses or exhibits a deadly weapon. Under § 29.02, a person commits the offense of robbery if, while in the course of committing theft as defined in Chap-

ter 31 of the Penal Code and with the intent to obtain and maintain control of the property, the defendant: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Under Tex.Pen.Code Ann. § 31.03 (1989), a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property.

**4.** *Simmons*, 745 S.W.2d at 351–52; *Crosby*, 703 S.W.2d at 685. *See Blakely v. State*, 814 S.W.2d 433 Tex.App.—Austin, 1991, for a more detailed discussion of *Crosby* and *Simmons*.

tims and committed theft against *both* victims. *Crosby* and *Simmons* involved assaults against two victims and a theft against only one of the victims. We therefore reject appellant's argument that this cause should be reversed based on the *Crosby* line of cases.

This case is instead governed by *Thompson v. State*, 90 Tex.Crim. 15, 234 S.W. 401 (1921), and its progeny. In *Thompson*, the defendant entered a gambling house and forced a number of the people at gunpoint to face a wall with their hands up. The defendant then took property from each assault victim. The State prosecuted the defendant separately for the robbery of each individual person. The defendant argued double jeopardy as to the subsequent prosecution. The Court of Criminal Appeals rejected the defendant's argument that the subsequent prosecution was barred by the double jeopardy clause, holding that double jeopardy did not prohibit the subsequent prosecution "where many parties were robbed in one 'holdup.'" *Id.* at 401.

The Court of Criminal Appeals later cited *Thompson* in *Bradley v. State*, 478 S.W.2d 527 (Tex.Cr.App.1972). In *Bradley*, the appellant assaulted and took money from the owner of a liquor store. The appellant then assaulted and took property from a customer in the liquor store. The State prosecuted the appellant for robbing the owner of the store, then subsequently prosecuted the appellant for robbing the customer. The court held that, because there were "separate acts and separate robberies committed," the former doctrine of carving [5] was not applicable and the plea of double jeopardy was properly overruled. *Id.* at 530.

The facts of this cause are substantially identical to those in *Thompson* and *Bradley*. Appellant assaulted the manager of the store and stole some of the store property. Appellant then assaulted and stole property from Rhinehart Putnam, a customer in the store. Because the State did not use the same conduct to prove an es-

sential element of the offense in both cases, the successive prosecutions of appellant for aggravated robbery did not violate the double jeopardy clauses of the United States and Texas Constitutions.

We overrule appellant's point of error and affirm the conviction.

---

**5.** In *Ex parte McWilliams,* 634 S.W.2d 815, 822 (Tex.Cr.App.1980), the carving doctrine was re- jected in favor of the traditional double jeopardy analysis.