Douglas BLAKELY, aka General
Douglas Blakely, Appellant,

v.

The STATE of Texas, Appellee.

No. 1117–91.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 9, 1992.

Ian Inglis, Austin, for appellant.

Ken Anderson, Dist. Atty., Sally Ray,
Asst. Dist. Atty., Georgetown, Robert Hut-
tash, State's Atty., Austin, for the State.

OPINION ON STATE'S MOTION FOR
REHEARING ON PETITION FOR
DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of robbery and
the jury assessed punishment at ninety
years imprisonment and a fine of $2,500.
The conviction was reversed. *Blakely v.*
*State*, 814 S.W.2d 433 (Tex.App.—Austin
1991).

The State's petition was originally re-
fused, but on motion for rehearing was
granted to determine whether successive
robbery prosecutions are permissible when
separate persons are assaulted in the
course of committing a single theft. We
will affirm the Court of Appeals.

Appellant was originally convicted of the
robbery of Dorothy Lindemann [Linde-
mann], an employee of the Kid's Kloset
retail clothing store. In this cause Appel-
lant was convicted of the robbery of Linde-
mann's three-year-old son Bret [the child].
Testimony in this cause showed Appellant
had entered the store, left, then re-entered
and began hitting Lindemann without say-
ing anything. When the child came in the
room to see why his mother was scream-
ing, Appellant stopped assaulting Linde-
mann, grabbed the child by the arm, and
told Lindemann to reveal where she kept
her purse or he would hurt the child. Ap-
pellant subsequently took Lindemann's
purse and the store's cash from the locked
drawer in which they were kept, grabbed a
blanket off a chair, and fled the store. The
testimony in the first trial was substantial-
ly the same.

The indictments in both causes alleged
the assaults were committed on December
27, 1988, and were "in the course of com-
mitting theft and with intent to obtain and
maintain control of the property." Both
alleged Appellant "threatened and placed
[the named victim] in fear of imminent
bodily injury and death," but the indict-
ment naming Lindemann included another
paragraph alleging Appellant "caused bodi-
ly injury to [her] by hitting her with his
hand."

The Court of Appeals, relying on *Sim-*
*mons v. State*, 745 S.W.2d 348 (Tex.Cr.
App.1987) and *Ex parte Crosby*, 703
S.W.2d 683 (Tex.Cr.App.1986), held that
since the identical theft was involved in
both prosecutions, a second prosecution for
the robbery of the child was barred.

Subsequent to granting the State's peti-
tion in this cause we have determined that
separate convictions for aggravated rob-

bery involving different assault victims but the same theft may not be obtained even when prosecuted in a single proceeding. *Cook v. State*, 840 S.W.2d 384 (Tex.Cr.App. 1992, rehearing denied November 4, 1992). The same principle applies in this cause, notwithstanding the convictions were obtained in separate proceedings.

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., dissents.

CLINTON, J., concurs in the result.