DARNELL5 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00143-CR






Robert Earl Darnell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0955082, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 Over his plea of not guilty, a jury found Robert Earl Darnell guilty of both attempted
murder and aggravated assault with a deadly weapon. See Tex. Penal Code Ann. §§ 15.01, 19.02,
22.02 (West 1994). The trial judge fixed punishment for each offense at thirty-five years imprisonment. 
The trial court convicted and sentenced Darnell accordingly. Darnell appeals on five points of error. 
We will affirm the trial-court judgment.



THE CONTROVERSY

 On March 7, 1995, Minnie Wright, Jacquelyn Clay, and Robert Earl Darnell were watching
television in Wright's apartment. Wright testified Darnell asked to move back in with her. She refused. 
According to Wright, Darnell later went into the kitchen, returned with a knife, and attacked her. Wright
sustained two knife wounds to the abdomen. Wright testified she escaped from Darnell when he left to get
her a glass of water. Wright found sanctuary in a neighbor's apartment. When the police arrived, Wright
told officers she had been attacked by Darnell and he was still in her apartment with her friend. When police searched her apartment, they
found Clay's corpse but not Darnell. Several days later, police arrested Darnell.

 The State prosecuted Darnell for Clay's murder. He was convicted and sentenced to life
in prison. In the present cause, the State prosecuted Darnell for the attempted murder and aggravated
assault of Minnie Wright.



CONSOLIDATION OF TRIALS

 In his first, second, and third points of error, Darnell contends the trial court violated his
Federal and State Constitutional rights because the instant offenses were not consolidated with his previous
trial for murder. (1) As a general rule, appellate courts will not consider an error not called to the trial court's
attention at a time when the error might have been avoided by that court. Rogers v. State, 640 S.W.2d
248, 264 (Tex. Crim. App. 1982). Even errors of constitutional dimension may be waived by such failure. 
Russell v. State, 665 S.W.2d 771, 777 (Tex. Crim. App. 1983), cert. denied, 465 U.S. 1073 (1984);
Draheim v. State, 916 S.W.2d 593, 602 (Tex. App.--San Antonio 1996, pet. ref'd); Aylor v. State, 727
S.W.2d 727, 730 (Tex. App.--Austin 1987, pet. ref'd). To properly preserve a complaint for appellate
review, a party must present to the trial court a timely request, objection, or motion. Tex. R. App. P.
52(a); see also Davis v. Davis, 734 S.W.2d 707, 710 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd
n.r.e.). No such timely request, objection, or motion appears in the record. Only where the error is
"fundamental" may it be raised for the first time on appeal. The word "fundamental" implies an error so
egregious in its harm as to deny the defendant "a fair and impartial trial." Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984); see also Aylor, 727 S.W.2d at 731. Fundamental error is not shown
by the mere failure to consolidate; separate trials are designed to ensure the defendant a fair and impartial
trial by the separation of the offenses. The separate trials here gave Darnell an opportunity to attempt to
exclude evidence of Clay's murder. We hold Darnell did not preserve error and thus waived points of error
one, two, and three. 

 Even if Darnell preserved error, we would overrule points of error one, two, and three
because Darnell does not have a right to consolidated trials. The State's power to consolidate trials arises
from Texas Penal Code section 3.02(a). "A defendant may be prosecuted in a single criminal action for
all offenses arising out of the same criminal episode." Tex. Penal Code Ann. § 3.02(a) (West 1994)
(emphasis added). The right to elect consolidation thus rests in the State, not the accused; and the accused
is not entitled to consolidation as a matter of right, even as to multiple offenses arising from a single episode
as in the present case. See Nelson v. State, 864 S.W.2d 496, 498 (Tex. Crim. App. 1993); Stevens v.
State, 667 S.W.2d 534, 537 (Tex. Crim. App. 1984); Gongora v. State, 916 S.W.2d 570, 575 (Tex.
App.--Houston [1st Dist.] 1996, pet. ref'd). We therefore overrule Darnell's points of error one, two, and
three. (2)

 We overrule Darnell's double jeopardy contention in his third point of error for the
additional reason that he failed to file a sworn pleading as required by the Texas Code of Criminal
Procedure. Tex. Code Crim. Proc. Ann. arts. 27.05, .06 (West 1989). (3) Darnell raised the double
jeopardy issue for the first time in his appellate brief. "Ordinarily, when a defendant fails to raise a double
jeopardy claim by filing the requisite verified special plea, no error is presented to the trial court or
preserved for appellate review." Casey v. State, 828 S.W.2d 214, 216 (Tex. App.--Amarillo 1992, no
pet.); see also Ex parte Murphy, 669 S.W.2d 320, 322 (Tex. Crim. App. 1983) (en banc), cert denied,
469 U.S. 823 (1984). However, an exception to this general rule exists when the trial court knows or
should have known about the former proceedings. Shaffer v. State, 477 S.W.2d 873, 875 (Tex. Crim.
App. 1971). According to the Texas Court of Criminal Appeals, where a plea of jeopardy is before the
same court and judge as the first trial, the statutory requirements concerning the plea are relaxed. State
v. Torres, 805 S.W.2d 418, 422 (Tex. Crim. App. 1991). Accord Ex parte Pleasant, 577 S.W.2d 256,
257 (Tex. Crim. App. 1979) (where the second offense is before the same judge, on the same date, and
arose out of the same transaction, no plea is needed); Ex parte Jewel, 535 S.W.2d 362, 365 (Tex. Crim.
App. 1976) (where the second offense is in the same court and before the same judge as the first offense,
no plea is necessary); Ex parte Scelles, 511 S.W.2d 300, 301 (Tex. Crim. App. 1974) (where the second
trial is in the same court and on the same indictment as the first, no plea of former jeopardy is needed);
Duckett v. State, 454 S.W.2d 755, 758 n.2 (Tex. Crim. App. 1970) (where the offenses are in the same
court, on the same day, and based on the same evidence reflecting the same act, a special plea is not
needed). While this cause was tried in the same court and concerned an indictment arising from the same
general criminal transaction as the appellant's first trial, the trial here was not on the same day or before the
same judge as the murder trial. We hold Darnell waived the claim of double jeopardy raised in his third
point of error. 



INEFFECTIVE ASSISTANCE OF COUNSEL

 In his fourth point of error, Darnell contends he was deprived of reasonably effective
assistance of counsel because his trial attorney failed to move for consolidation of the instant offenses with
the previous murder trial, or to invoke the jeopardy bar found in article 27.05 of the Texas Code of
Criminal Procedure. Darnell argues that had the murder, attempted murder, and aggravated assault
offenses been consolidated, the trial court would have been required to order concurrent rather than
consecutive sentences. Therefore, counsel's failure to request consolidation or to invoke the jeopardy bar
amounted to ineffective assistance of counsel. We find no merit in this contention because, as discussed
above, the accused has no statutory right to consolidate the trials nor was there a jeopardy bar that Darnell
could have invoked. We overrule appellant's fourth point of error.



FAILURE TO DISCLOSE EVIDENCE

 In his fifth point of error, Darnell contends he was denied due process of law and due
course of law in violation of both the United States and the Texas Constitutions because the State failed
to disclose before trial evidence favorable to the accused. According to Darnell, the State should have
disclosed a police department incident report earlier to enable the defense to alter its trial preparation and
strategy. The report, taken by Officer Pedraza, details the discovery of the knife purportedly used to attack
Wright. Officer Pedraza testified he met with Wright two months after the attack. At this meeting, Wright
claimed she found the knife at the bottom of a cardboard box after she moved into a new apartment. 
Darnell contends the State's failure to disclose Pedraza's report interfered with his right to cross-examine
Wright, one of the key witnesses in the case, and prevented a more thorough investigation of the forensic
evidence pertaining to the alleged weapon. We disagree.

 The United States Supreme Court has held that the prosecutor has an affirmative duty to
disclose evidence favorable to the accused. Kyles v. Whitley, 115 S. Ct. 1555, 1565 (1995); Brady v.
Maryland, 373 U.S. 83, 87 (1963). If the withheld evidence is favorable to the accused and is material,
its suppression is a due process violation. Kyles, 115 S. Ct. at 1565. In a decision consistent with the
United States Supreme Court, the Texas Court of Criminal Appeals held that undisclosed evidence violates
a defendant's right to due process when a prosecutor: (1) fails to disclose evidence; (2) that is favorable
to the accused; and (3) creates a probability sufficient to undermine confidence in the outcome of the
proceeding. Thomas v. State, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992); see also Ex parte
Mitchell, 853 S.W.2d 1, 4 (Tex. Crim. App. 1993). Darnell's claim fails to meet those requirements. See
Kyles, 115 S. Ct. at 1565; Thomas, 841 S.W.2d at 404.

 According to Darnell's motion for new trial and his appellate brief, the prosecutor failed to
disclose the police report concerning the victim's discovery of the alleged knife used to commit the instant
offense. It is not clear from the record or from the briefs, however, whether the State actually failed to
disclose Pedraza's report. The record indicates that, when the report was tendered to Darnell's counsel
after direct examination of Officer Pedraza, the prosecutor said he previously provided Darnell with the
report. Darnell's counsel did not quarrel with this statement and, when the trial court inquired whether he
had previously reviewed the report, Darnell's counsel answered that he had read all twenty-six pages. 
Furthermore, Darnell's counsel used the report to cross-examine Officer Pedraza and did not object during
trial to the State's failure timely to disclose the report. The objection was raised first in Darnell's motion
for new trial. There is evidence that Pedraza's report was in fact disclosed to Darnell before trial and
Darnell's claim, therefore, does not meet the first element of the Thomas test.

 Second, we must determine whether the police report would have been favorable evidence. 
"Favorable evidence is any evidence that `if disclosed and used effectively, it may make the difference
between conviction and acquittal.'. . . Favorable evidence includes both exculpatory and impeachment
evidence." Thomas, 841 S.W.2d at 404 (citation omitted). Because this report could have been used to
impeach the victim, it satisfies the second element of the Thomas test.

 Third, we must examine whether the possible exclusion of the police report created a
probability sufficient to undermine confidence in the proceeding. The police report, while not used in cross-examination of Wright, was used in cross-examination of Officer Pedraza. Thus, Darnell's counsel was able
to get into evidence the fact that the police were unable to perform a laboratory test on the knife due to a
lack of blood. It is probable, therefore, that even if the trial judge had given Darnell time to run additional
forensic tests, these tests would have provided no further evidence. Darnell argues that suppression of the
report denied him an opportunity to cross-examine Wright effectively. However, Darnell's counsel was
free to recall Wright and cross-examine her. Counsel thus had an opportunity to introduce the evidence
he claims the State failed to produce. We conclude that suppression of the report did not have a substantial
impact on the trial sufficient to undermine confidence in the outcome and therefore does not satisfy the third
element of the Thomas test. We therefore overrule point of error five.

 For the reasons given, we affirm the trial-court judgment. 



 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: November 13, 1996

Do Not Publish
1.   In corresponding points of error, Darnell contends the failure to consolidate the trials
violated the following constitutional provisions: (1) the due process of law and due course of
law guarantees of the Fifth and Fourteenth Amendment to the United States Constitution and
Article 1, sections 13 and 19 of the Texas Constitution; (2) the prohibition against cruel and
unusual punishment in the Eighth Amendment to the United States Constitution and Article I,
section 13 of the Texas Constitution; and (3) the prohibition against double jeopardy in Article
I, section 14 of the Texas Constitution.
2.   We need not address Darnell's claims of a federal or state constitutional right to
consolidation because Darnell cites no authority for this proposition. This point is
inadequately briefed and presents nothing for review. Tex. R. App. P. 74(f); see also Martinez
v. State, 924 S.W.2d 693, 698 (Tex. Crim. App. 1996).
3.   Had Darnell properly preserved the double jeopardy issue, we believe no double
jeopardy violation is shown. We have held that separate prosecutions do not violate the
constitutional right to be protected from double jeopardy when the crimes committed against
each victim are separate and distinct. Mitchell v. State, 813 S.W.2d 234, 236 (Tex.
App.--Austin 1991, pet. ref'd); see also Bradley v. State, 478 S.W.2d 527, 530 (Tex. Crim. App.
1972).



om the briefs, however, whether the State actually failed to
disclose Pedraza's report. The record indicates that, when the report was tendered to Darnell's counsel
after direct examination of Officer Pedraza, the prosecutor said he previously provided Darnell with the
report. Darnell's counsel did not quarrel with this statement and, when the trial court inquired whether he
had previously reviewed the report, Darnell's counsel answered that he had read all twenty-six pages. 
Furthermore, Darnell's counsel used the report to cross-examine Officer Pedraza and did not object during
trial to the State's failure timely to disclose the report. The objection was raised first in Darnell's motion
for new trial. There is evidence that Pedraza's report was in fact disclosed to Darnell before trial and
Darnell's claim, therefore, does not meet the first element of the Thomas test.

 Second, we must determine whether the police report would have been favorable evidence. 
"Favorable evidence is any evidence that `if disclosed and used effectively, it may make the difference
between conviction and acquittal.'. . . Favorable evidence includes both exculpatory and impeachment
evidence." Thomas, 841 S.W.2d at 404 (citation omitted). Because this report could have been used to
impeach the victim, it satisfies the second element of the Thomas test.

 Third, we must examine whether the possible exclusion of the police report created a
probability sufficient to undermine confidence in the proceeding. The police report, while not used in cross-examination of Wright, was used in cross-examination of Officer Pedraza. Thus, Darnell's counsel was able
to get into evidence the fact that the police were unable to perform a laboratory test on the knife due to a
lack of blood. It is probable, therefore, that even if the trial judge had given Darnell time to run additional
forensic tests, these tests would have provided no further evidence. Darnell argues that suppression of the
report denied him an oppor