ENERGY PLUS SAVERS, INC., et al., Appellants,

v.

E. D. GUNACA, Appellee.

No. 7058.

Court of Civil Appeals of Texas, El Paso.

Aug. 19, 1981.

Rehearing Denied Sept. 16, 1981.

Marshall I. Yaker, El Paso, for appellants.

Grambling, Mounce, Sims, Galatzan & Harris, Donald L. Hagans, Jeanette Robison, El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from the granting of Plaintiff's summary judgment against the three Defendants/Appellants. The principal question presented is whether it was proper to grant the summary judgment when the fourth Defendant had not filed an answer or appeared. We affirm.

This action arose from several contracts executed between Energy Plus Savers, Inc. and Appellee Gunaca, giving the Appellee the exclusive territory rights to distribute a distortion filter system. Due to problems between the parties regarding the contracts, litigation ensued, with Plaintiff alleging that Defendants misrepresented its

system as patented and misrepresented that they were licensed to manufacture the system, and that such misrepresentations were in violation of the Texas Deceptive Trade Practices and Consumer Protection Act, Tex.Bus. & Com.Code Ann. Section 1746 (Supp.1980–81). Defendants Energy Plus Savers, Inc., Energy Saver Systems, Inc. and Harold McDonald, Jr. answered the petition by a general denial. Harold McDonald, Sr. was not served and did not appear or answer. Appellee moved for summary judgment against the three Defendants who had filed an answer. They responded with a Motion to Quash and Extend the Time, complaining in part that the motion was premature because Harold McDonald, Sr. had not appeared or answered. The trial Court overruled that motion and granted the Plaintiff/Appellee's Motion for Summary Judgment. The trial Court also granted Plaintiff's motion to dismiss against the non-answering Harold McDonald, Sr.

■ Appellants' Point of Error 1 is that the trial Court erred in prematurely hearing and granting Plaintiff's Motion for Summary Judgment. They argue that, since all Defendants had not appeared or answered when Plaintiff filed his Motion for Summary Judgment, the filing was premature. They urge that, since Rule 166–A, Tex.R.Civ.P., provides that the first time such motion can be filed is after the adverse party has appeared or answered, when there are multiple defendants, Tex.R.Civ.P. 3 would require that all adverse parties appear or answer prior to the filing, hearing or granting of a motion for summary judgment. They urge a construction of Rule 166–A to be that, where there are multiple defendants, all must answer before a motion for summary judgment may be filed. This argument is based on the provision of Rule 3: "Unless otherwise expressly provided, ... the singular and plural number shall each include the other." For this construction, they rely on *Kimberly Development Corporation v. First State Bank of Greene Bayou*, 404 S.W.2d 631 (Tex.Civ. App.—Houston 1966, writ ref'd n. r. e.). The holding of that case is that notice of appeal was given by all plaintiffs when the original judgment recited that "plaintiff" gave notice of appeal and the later *nunc pro tunc* judgment recited that "plaintiff" gave notice of appeal, in view of Rule 3 that the singular and plural number shall each include the other. We fail to see how that holding is in aid of the argument made here for a construction of Rule 166–A.

Rule 166–A provides that a motion for summary judgment may be made "at any time after the adverse party has appeared or answered." The rule expressly authorizes partial summary judgment as to certain uncontroverted issues or parties. Thus, when it says that the motion may be made at any time after the adverse party has appeared or answered, it means *the* adverse party against which *the* summary judgment is sought. Rule 3 does not mandate a plural reading of Rule 166–A. Rule 3, by its own terms, does not apply when an express provision is involved, *viz.*: "Unless otherwise expressly provided, ...." Rule 166–A expressly provides that a motion for summary judgment may be made "at any time after the adverse party has appeared or answered." This express provision controls over the general provision of Rule 3.

■ Appellants' only response to Appellee's Motion for Summary Judgment was a Motion to Quash and Extend Time; thus, they did not join issue with Appellee's Motion for Summary Judgment and are in no position on appeal to say that a face issue exists. The non-movant for summary judgment must expressly present to the trial court those issues that would defeat the movant's right to the summary judgment and, failing to do so, may not later assign them as error on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

The judgment of the trial Court is affirmed.