**Howard Wingfield DAVIS, Appellant,**

v.

**Barbara S. DAVIS, et al., Appellees.**

**No. 01–86–0829–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 28, 1987.
Rehearing Denied July 23, 1987.

Gerson D. Bloom, Galveston, for appellant.

Patrick Reilly Galveston, Ross Citti Mills, Shirley, McMicken & Eckel, Galveston, for appellees.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a summary judgment wherein Howard Davis, the appellant, brought suit against his ex-wife, Barbara Davis, George Etter IV, and United States National Bank, the appellees. In the first cause of his two causes of action, the appellant alleged that the appellees, as co-trustees of the Davis Family Trust breached their duties by wasting the trust assets. He sued for an accounting, the removal of the trustees, an injunction preventing the appellees from disposing of any assets of the trust estate, reimbursement including interest, and the appointment of a new trustee. In his second cause of action, he alleged that he had been libeled by the appellees. The trial court's summary judgment denied all relief prayed for by the appellant.

In April 1981, the Davis Family Trust was created by the appellant's mother for the benefit of the appellant's four sons. The appellees, Barbara Davis and United States National Bank, were named co-trustees of this trust. The appellant is neither a beneficiary nor a trustee.

Howard and Barbara Davis were divorced on December 29, 1982, and Barbara was appointed managing conservator of their children. Howard was named possessory conservator. Since the divorce, Howard and Barbara have instigated numerous lawsuits against one another.

As a result of one lawsuit, George Etter IV, vice-president and trust officer of United States National Bank, wrote a letter, dated January 15, 1986, to Barbara Davis, which she sent to attorneys representing her in other litigation in Mississippi. The letter, which informed Barbara that the bank would not voluntarily produce requested documents, was made a part of the record of the Mississippi court proceedings. The appellant claims that the George Etter letter was libelous per se.

In points of error one, two, and three, the appellant contends that the trial court erred in granting the appellees' motion for summary judgment because: (1) the evi-

dence in support of the motion does not establish the appellees' right to judgment as a matter of law; (2) the evidence in support of the motion does not establish that there are no disputed issues of material fact; and (3) under the Texas Family Code and divorce decree, the appellant has a right to protect his residuary interest as well as a right of access to the educational records of his children.

The trial court found, as a matter of law, that the appellant had no standing to enforce the provisions of the trust since he is neither a beneficiary nor a trustee under the trust. Further, the court found that the appellant had no standing, capacity, or power of authority whatsoever to bring this action on behalf of his sons. The basis of the court's finding was that the divorce decree appointed Barbara Davis managing conservator of the parties' children with the power to represent their children in legal actions and to make other decisions of substantial legal significance. The court concluded that Howard Davis, as possessory conservator, had no right whatsoever to represent the children in legal actions or to make legal decisions concerning those children.

A defendant who moves for summary judgment has the burden of showing, as a matter of law, that no material issue of fact exists as to the plaintiff's cause of action. *Griffin v. Rowden*, 654 S.W.2d 435, 435–36 (Tex.1983). This may be accomplished by the defendant's summary judgment evidence showing that at least one of the elements of plaintiff's cause of action has been established conclusively against the plaintiff. *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105, 107 (Tex.1984).

Barbara Davis' uncontroverted affidavit, which was attached to her motion for summary judgment, stated in effect that the appellant has no justiciable interest in the trust and may not individually or as next friend bring suit or any action regarding the trust. In his unsworn response to the appellees' motions for summary judgment, the appellant alleged that he did have standing to sue both individually and as next of friend for his two minor sons.

Thus, the question is whether the summary judgment proof conclusively established that the appellant had no justiciable interest that would enable him to maintain his suit.

We first address the appellant's claim brought in his individual capacity. Under Tex.Prop.Code Ann. sec. 113.151(b) (Vernon 1984), an interested person may file suit to compel the trustee to account to the interested person. A trustee may be removed on petition of an interested person if he or she has materially violated or attempted to violate the terms of the trust, and the violation or attempted violation results in a material financial loss to the trust. Sec. 113.082(a)(1). An interested person is defined as a trustee, beneficiary, or any other person having an interest in or claim against the trust or any person who is affected by the administration of the trust. Sec. 111.004(7). This meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding. *Id.*

The trust instrument creating the Davis Family Trust is not included in our record, but the summary judgment evidence is uncontroverted that the appellant is neither the trustee nor beneficiary of the Davis Family Trust and that he does not have an individual claim against the trust. The appellant argues that as the residuary beneficiary of the trust, he has an active interest in the trust not only because it was created for the education and welfare of his children, but also because, in the event one of the beneficiaries of the trust died intestate, he would inherit the interest of that beneficiary.

The appellant does not have standing to sue based on his claim that he is a potential beneficiary of the trust assets. The possibility of inheritance does not create a present interest or right of title in property. A right to inherit does not vest until the death of the intestate. *Humphrey v. Bullock*, 666 S.W.2d 586, 592 (Tex.App.—Austin 1984, writ ref'd n.r.e.). One cannot maintain a suit for the enforcement or adjudication of a right in property

that he expects to inherit, because he has no present right or interest in the property. *Davis v. First Nat'l Bank*, 139 Tex. 36, 44, 161 S.W.2d 467, 472 (1942); *Clark v. Gauntt*, 138 Tex. 558, 563, 161 S.W.2d 270, 272 (1942).

■ While the appellant claims on appeal that he is entitled to an accounting of the Davis Family Trust as a beneficiary of the trust, he did not assert this claim in his response to the appellees' motion for summary judgment. Once a movant has established his right to a summary judgment on the issues presented, the non-movant's response should present to the trial court an issue that would preclude summary judgment. *Byrd Int'l v. Elec. Data Sys. Corp.*, 629 S.W.2d 177, 178 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Issues not expressly presented to the trial court by written motion, answer, or any other response shall not be considered on appeal. *Energy Plus Savers, Inc. v. Gunaca*, 620 S.W.2d 898, 899 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.); Tex.R.Civ.P. 166–A(c). Further, in his response to the appellees' motions for summary judgment, the appellant did not include a sworn affidavit stating that he is the residuary beneficiary, nor did he include a copy of the Davis Family Trust document to corroborate his unsworn claim of an interest in the trust.

The appellant also brought suit as next friend for his two minor sons. Tex.Fam. Code Ann. sec. 14.02(a) (Vernon 1986) states that a parent appointed managing conservator of a child retains all the rights, privileges, duties, and powers of a parent *to the exclusion* of the other parent, subject to the rights, privileges, duties, and powers of a possessory conservator as provided in section 14.04 of the Family Code. (Emphasis added.) Section 12.04(7) defines the rights, privileges, duties, and powers of a parent, including the power to represent the children in legal actions and to make other decisions of substantial legal significance concerning the child.

A possessory conservator has the following rights, privileges, duties and powers during the period of possession, subject to any limitation expressed in the decree: (1) the duty to care, control, protection, and reasonable discipline of the child; (2) the duty to provide the child with clothing, food, and shelter; and (3) the power to consent to medical and surgical treatment during an emergency involving immediate danger to the health and safety of the child. Sec. 14.04(a). In addition, a possessory conservator has any other right, privilege, duty, or power of a managing conservator expressly granted to the possessory conservator in the decree awarding possession of the child. Sec. 14.04(b).

■ The decree of divorce, signed December 29, 1982, specifically granted Barbara Davis, as managing conservator, the powers listed under section 12.04, which includes the power to represent the children in legal actions and to make other decisions of substantial legal significance concerning the children. The divorce decree further gave Howard Davis, as possessory conservator, the powers listed under section 14.04(a). The appellant did not allege in his response to the appellees' motions for summary judgment or in his appellate brief, that the conservatorship order has been modified. The appellant has no standing to bring suit as next friend for his sons.

The appellant argues that under Tex. Fam.Code Ann. sec. 14.04(c), he has the right of access to the medical, dental, and educational records of his son to the same extent as Barbara Davis. He claims that since the Trust was specifically set up to provide for the education of the four Davis children, the Trust records should be viewed as educational records.

■ The fact that a parent may have a right to access to medical, dental, and educational records of his children under the Texas Family Code does not raise that parent to the level of being an "interested person" within the definition of that term in Tex.Prop.Code Ann. sec. 111.004(7) (Vernon 1984). We find no merit to this contention.

In the appellant's second cause of action, he alleges that the letter sent by George Etter IV and circulated and published by

Barbara Davis was libelous. The letter allegedly states that the appellant was responsible for Barbara Davis' telephone being tapped and her mail being tampered with, both of which are federal offenses.

The pertinent part of the letter states:
Dear Barbara:

We understand that you have been ordered by the appropriate Court of the State of Mississippi to produce complete statements of the Davis Family Trust from its inception to the present. We further understand that you are requesting that we provide you with copies of those statements as yours have been destroyed. We realize that the reason that you have destroyed those statements in your possession is to assure that they did not come into unfriendly hands. We both remember the day when we had a court appearance here in Galveston County and realized that opposing counsel was referring to a copy of one of our periodic statements. You will recall that upon this discovery I became so incensed that I insisted that Judge Harris be informed immediately and I stood up and did so. At that time we were suspicious of your phone being tapped, your house being watched and mail tampering. All of these occurrences were confirmed later. As recently as a few weeks ago you will remember, we checked on the license plate of a car whose occupant was taking pictures parked across the street from your house, and found it to be registered in the name of the sister of the current Mrs. Howard W. Davis.

The trial court found that the letter was not libelous as a matter of law, and that the alleged publication, which consisted of Barbara Davis mailing the letter to her Mississippi attorneys and their filing the letter in the pending Mississippi court proceedings, was absolutely privileged.

■ A publication may clearly be defamatory as to someone, and yet on its face make no reference to the individual plaintiff. *Outlet Co. v. Int'l Sec. Group,* 693 S.W.2d 621, 626 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). He need not be named, and the reference may be an indi-

rect one. It is not necessary that every listener understand it, so long as there are some who reasonably do. *Id.*

In *Newspapers, Inc. v. Matthews,* 161 Tex. 284, 339 S.W.2d 890 (1960), the Texas Supreme Court held that, as a matter of law, the plaintiff could not recover for libel because the newspaper referred to no person who could possibly be identified as the plaintiff. The plaintiff was never mentioned by name, and the only statement that made any reference to the plaintiff was a statement that charges were filed against the two other persons who operated the Texas Body Shop. The only persons specifically referred to negated any possibility of the plaintiff being identified. *Id.* at 894.

In *Outlet Co. v. Int'l Sec. Group, Inc.* 693 S.W.2d at 626, the court held that the plaintiff was sufficiently identified since the broadcast referred to the president of International Security Group and the plaintiff was known to be its president and sole stockholder. The plaintiff was also identified by name as well as by the phrase, "the management." *Id.*

■ The letter, in the instant case, does not mention the appellant in connection with the phone and mail tampering, either by name or by reference. The statement that the car used to watch Barbara Davis' house was registered to the second Mrs. Howard Davis' sister does not make reference to the appellant. Since that portion of the letter never mentions or even alludes to the appellant in any manner, we hold that the trial court properly held that it was not libelous as a matter of law.

■ The trial court also found that the letter was absolutely privileged as a part of the pleadings filed in the Mississippi proceedings. Communications in due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of negligence or malice. *James v. Brown,* 637 S.W.2d 914, 916 (Tex.1982). This privilege extends to any statement made by the judge, jurors, counsel, parties, or witnesses, and attaches to all aspects of the proceedings, including

statements made in open court, pretrial hearings, depositions, affidavits, and any of the pleading or other papers in the case. *Id.* at 916–917. The administration of justice requires full disclosure from witnesses, unhampered by fear of retaliatory suits for defamation. *Id.* The trial court's ruling concerning the George Etter letter was proper.

Appellant's points of error one through four are overruled.

In point of error five, the appellant claims that the motions for summary judgment were not set for hearing and that the trial court did not give him 21 days in which to respond. Tex.R.Civ.P. 166–A(c) provides that except on leave of court, with notice to opposing counsel, the motion and any supporting affidavit shall be filed and served at least 21 days before the time specified for hearing.

The record reflects that the motions for summary judgment were heard and granted on July 25, 1986. Barbara Davis' motion for summary judgment and the notice of hearing was filed and served on the appellant on June 30, 1986. Thus, the appellant was given more than 21 days notice of her motion.

The motion for summary judgment of United States National Bank and George Etter IV was filed on July 14, 1986, but was not set for hearing. However, the trial court considered both motions at the same time.

The appellant did not object to the court's simultaneous consideration of both motions, nor did he file a motion for continuance or any other motion seeking additional time in which to respond to United States National Bank's and George Etter's motion for summary judgment. Since the appellant participated in the hearing on the appellees' motions for summary judgment without objection, and failed to ask for a continuance, rehearing, or new trial, he has waived any objection or right to appeal. Although an appellant's contention that he was given no notice of a summary judgment hearing would place in question the trial court's jurisdiction to hear the motion, an allegation that a party received less notice than required by statute does not present a jurisdictional question and therefore may not be raised for the first time on appeal. *Delta (Delaware) Petroleum & Energy Corp. v. Houston Fishing Tools Co.,* 670 S.W.2d 295, 296 (Tex.App.—Houston [1st Dist.] 1983, no writ).

The appellant's fifth point of error is overruled.

The trial court's judgment is affirmed.