SUPREME COURT OF ARIZONA
EN BANC

| | |
|---|---|
| NANCY MAY, | ) Arizona Supreme Court |
| | ) No. CV-04-0025-PR |
| Petitioner, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-SA 03-0283 |
| HON. LINDSAY ELLIS, JUDGE PRO TEM | ) |
| OF THE SUPERIOR COURT OF THE | ) Maricopa County |
| STATE OF ARIZONA, in and for the | ) Superior Court |
| County of Maricopa, | ) No. PB2002-002519 |
| | ) |
| Respondent Judge, | ) |
| | ) |
| JACK DAVID and SHANNON DAVID, | ) **O P I N I O N** |
| | ) |
| Real Parties in Interest. | ) |
| | ) |
| _____ | ) |

Petition for Review from the Court of Appeals,
Division One, No. 1 CA-SA 03-0283

Special Action from the Superior Court of Maricopa County
The Honorable Lindsay Ellis, Judge
No. PB2002-002519

**VACATED AND REMANDED**

_____

GOLDMAN & KAPLAN, LTD.                                           Phoenix
    By:  Morris A. Kaplan
         Mark E. Meltzer
Attorneys for Petitioner

DYER & FERRIS, L.L.C.                                            Phoenix
    By:  Scott R. Ferris
         Charles J. Dyer
         Charles M. Dyer
Attorneys for Real Parties in Interest

_____

**H U R W I T Z,** Justice

¶1      The issue in this case is whether life insurance proceeds paid to a decedent's spouse are exempt from claims of creditors of the estate.   We hold the proceeds are exempt from creditors' claims pursuant to Arizona Revised Statutes ("A.R.S.") § 20-1131 (2002).

## I.

¶2      Nancy May survived her husband James Edward May, who died on April 21, 2002.   Nancy petitioned the superior court to probate her late husband's estate and was appointed personal representative.   She subsequently filed an estate inventory, revealing that the estate contained no assets.   At the time of James May's death, a civil suit was pending against the Mays in superior court.   The suit, filed by Jack and Shannon David, alleged that the Mays engaged in fraud and odometer rollback when selling them an automobile.

¶3      The Davids filed a claim against the estate in the probate proceeding.   The superior court allowed the claim, contingent upon the determination that James was liable to the Davids.   Relying on A.R.S. § 14-6102 (Supp. 2003), which restricts a non-probate transferee's claim to certain assets in favor of the decedent's creditors, the Davids filed a motion in the probate court requesting disclosure of James's non-probate assets.   The court ordered Nancy to file an amended inventory,

2

including non-probate assets.  The amended inventory revealed two life insurance policies, each in the amount of $500,000. Nancy was the named beneficiary on each policy.

¶4       The Davids filed a motion to restrict or bond the life insurance policy proceeds.  The superior court granted the motion.  Nancy, however, had already exhausted the policy proceeds.  The court then found Nancy in contempt and ordered her to provide an accounting of her expenditures, warning her that failure to provide a proper accounting could result in her removal as personal representative and incarceration.

¶5       In November 2003, Nancy filed an unaudited accounting of her expenditures.  On December 3, 2003, the superior court nonetheless reaffirmed its contempt order and took under advisement the issue of whether a forensic accounting was necessary.[1]  On December 12, Nancy filed a special action in the court of appeals, which declined jurisdiction.  Nancy then petitioned this court for review of the order of the court of appeals declining special action jurisdiction, asking us to decide whether, under A.R.S. § 14-6102(A), the proceeds from the two life insurance policies can be used to pay her late husband's creditors or whether, under A.R.S. § 20-1131(A), these proceeds are beyond the creditors' reach.

---

[1]    At a status conference in January 2004, the superior court ordered Nancy to provide a forensic accounting.

**¶6**      We granted review of this purely legal question because the issue is one of first impression and is of statewide importance.  The court has jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, Arizona Rule of Civil Appellate Procedure 23, and A.R.S. § 12-120.24 (2003).

## II.

**¶7**      Since 1954, Arizona law has provided that proceeds of life insurance policies payable to beneficiaries other than the decedent are exempt from claims against the decedent's estate:

> When a policy of life insurance is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest therein . . . the lawful beneficiary thereof . . . shall be entitled to its proceeds against the creditors and representatives of the person effecting the same.

A.R.S. § 20-1131(A) (added by 1954 Ariz. Sess. Laws, ch. 64, § 31).  Notwithstanding A.R.S. § 20-1131(A), the superior court apparently concluded that this case was controlled instead by A.R.S. § 14-6102(A), enacted as part of an amendment of the Arizona probate code to conform with certain 1998 revisions in the Uniform Probate Code ("UPC"), 2001 Ariz. Sess. Laws, ch. 44, § 12.  Section 14-6102(A) provides:

> Except as otherwise provided by law, a transferee of a nonprobate transfer is subject to liability to the decedent's probate estate for allowed claims against the decedent's probate estate and statutory allowances to the decedent's spouse and children to the extent the decedent's probate estate is insufficient to satisfy those claims and allowances.

4

*See also* A.R.S. § 14-6101(A) (1995) (defining a "provision for a nonprobate transfer on death in any insurance policy" as "nontestamentary").

¶8        While the superior court did not explain its reasoning, it appears that the judge agreed with the argument advanced by the Davids that § 14-6102(A), the later enacted statute, was meant to render the exemption in § 20-1131(A) inapplicable to the extent that the assets in the decedent's estate were insufficient to satisfy creditors' claims.  In advancing that argument, the Davids rely primarily on *UNUM Life Insurance Co. of America v. Craig*, 200 Ariz. 327, 26 P.3d 510 (2001).

¶9        *UNUM* involved a dispute over the proceeds of life insurance policies.  As the court noted,

> [t]here are currently in force two statutes governing distribution of insurance proceeds upon simultaneous or near-simultaneous deaths.  The one [A.R.S. § 14-2702] requires survival by 120 hours; the other [A.R.S. § 20-1127] requires that the beneficiary meet a more subjective standard of proof with complex evidence that the beneficiary survived the insured if only by a few moments.

*Id*. at 333 ¶ 29, 26 P.3d at 516.  Because the named beneficiary in *UNUM* survived the insured only by moments, the statutes were in irreconcilable conflict.  *Id.*  We therefore turned to the legislative history of the two provisions at issue.  *Id*. at 330-33 ¶¶ 14-27, 26 P.3d at 513-16.  We concluded that in adopting

5

the UPC, which contains the 120 hours requirement in § 14-2702, the legislature implicitly repealed the conflicting provision in § 20-1127.  *Id.* at 333 ¶ 29, 26 P.3d at 516.  We therefore held that § 14-2702, requiring survival by 120 hours, was "the applicable rule of survival for a designated beneficiary of an insurance policy."  *Id*. at 335 ¶ 38, 26 P.3d at 518.

¶10     Although we concluded in *UNUM* that the two statutes could not be harmonized, we recognized that our first duty when confronted with such claims of conflict is to "adopt a construction that reconciles one with the other, giving force and meaning to all statutes involved."   *Id.* at 333 ¶ 28, 26 P.3d at 516.  In this case, we have no difficulty in doing so.

¶11     Section 14-6102(A), the UPC provision, begins with a critical phrase:  "Except as otherwise provided by law."  Thus, § 14-6102(A), which allows a decedent's creditors to look to non-probate transfers to satisfy their claims, only applies when there is no other "law" to the contrary.  Section 20-1131(A) is precisely such a "law."   It expressly provides that life insurance proceeds are not subject to creditors' claims.  Therefore, life insurance proceeds are not among the non-probate transfers available to satisfy the claims of creditors under § 14-6102(A).

¶12     Because there is no facial conflict between §§ 14-6102(A) and 20-1131(A), the superior court erred in concluding

6

that the former somehow implicitly repealed the latter.  *See*
*UNUM*, 200 Ariz. at 329 ¶ 11, 26 P.3d at 512 (noting our duty to
"harmonize" the language of purportedly conflicting statutes in
order "to give effect to each").  Indeed, the official comments
to the UPC directly buttress this conclusion.  The comment to
UPC § 6-102, the counterpart of A.R.S. § 14-6102, expressly
provides that

> [t]he initial clause of subsection (b), "Except as
> otherwise provided by statute," is designed to prevent
> a conflict with and to clarify that this section does
> not supersede existing legislation protecting death
> benefits in life insurance, retirement plans or IRAs
> from claims by creditors.

UPC § 6-102 cmt. 2.  When, as here, "a statute is based on a
uniform act, we assume that the legislature intended to adopt
the construction placed on the act by its drafters," and
"[c]ommentary to such a uniform act is highly persuasive."
*UNUM*, 200 Ariz. at 332 ¶ 25, 26 P.3d at 515 (internal citation
omitted).

### III.

¶13      For the reasons above, we hold that the life insurance
proceeds paid Nancy are not part of James's estate, and
therefore are not subject to the Davids' claims.  The superior
court's orders requiring an accounting of those proceeds and its

7

order of contempt are vacated, and this case is remanded for further proceedings consistent with this opinion.[2]

_____
Andrew D. Hurwitz, Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice


_____
Ruth V. McGregor, Vice Chief Justice


_____
Rebecca White Berch, Justice


_____
Michael D. Ryan, Justice

_____

[2] The Davids seek attorneys' fees, citing A.R.S. § 14-1302(B) (Supp. 2003). Because they are not the prevailing parties, we deny the claim.