Opinion issued February 2, 2006.
















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00745-CV




DAVID ASHER GAIGE AS NEXT FRIEND OF D.A.G., Appellant

V.

ANGELA MAY GAIGE, Appellee




On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2003-39463




MEMORANDUM OPINION
          This is an appeal from a motion to dismiss for lack of jurisdiction rendered in
favor of appellee, Angela May Gaige. Appellant, David Asher Gaige as next friend
of D.A.G., filed a bill of review regarding a divorce proceeding between Angela and
David Gaige. The divorce decree included a suit affecting the parent child
relationship (“SAPCR”), and the bill of review asserts the divorce court did not have
subject matter jurisdiction to render the SAPCR because Angela and David are not
the adoptive or biological parents of D.A.G. as defined by section 101.024 of the
Texas Family Code. In dismissing the bill of review for lack of jurisdiction, the trial
court found that David lacks capacity and standing to bring the bill of review on
behalf of D.A.G. and that D.A.G. lacks capacity and standing to bring the bill of
review. We affirm. 
BACKGROUND
          In 1996, during Angela and David’s marriage, Angela’s sister, Opal Jones,
gave birth to D.A.G. In 2001, David signed an acknowledgment of paternity even
though he now contends he is not D.A.G.’s biological father. 
          In April 2002, Angela filed an original petition for divorce and alleged within
that D.A.G. was a child of the marriage despite never instituting formal adoption
proceedings. Opal Jones was not given notice regarding the divorce proceedings,



and no attorney ad litem or guardian was appointed to represent D.A.G. Angela and
David signed the final divorce decree in October 2002 and consented to the form and
substance of the decree. The decree found that D.A.G. was a child of the marriage
and provided that Angela and David serve as joint managing conservators. The bulk
of the rights went to Angela, who was granted the exclusive rights and duties such as
establishing the primary residence of the child, consenting to invasive medical
procedures and psychological treatment, reserving and giving receipt for periodic
payments of support for D.A.G., representing the child in legal actions, consenting
to marrying and enlistment in the armed forces, and making decisions concerning the
child’s education. David was ordered to pay $500.00 a month in child support. No
motion for new trial or appeal was filed.
          In July 2003, David filed a bill of review as next friend of D.A.G. asserting that
Angela fraudulently named D.A.G. as a child of the marriage, that the divorce decree
naming Angela as a parent effectively terminated the parental rights of Opal Jones,
that the failure to serve Opal Jones and the true biological father violated both their
constitutional due process rights, and that naming Angela and David as D.A.G’s
parents is not in the best interest of the child. Angela filed a motion to dismiss the
bill of review for lack of jurisdiction asserting (1) that David had no standing to file
the bill of review as next friend of D.A.G. because Angela was granted exclusive
rights to represent D.A.G. in legal actions, and (2) that D.A.G. was not a party to the
divorce proceedings and had no standing to file the bill of review. The trial court
granted the motion to dismiss and found that David lacks standing and capacity to
bring this bill of review as next friend of D.A.G., and that D.A.G. lacks standing and
capacity to bring this bill of review. The trial court also ordered David to pay
Angela’s attorney’s fees.
DISCUSSION
          Appellant presents multiple issues for review, and several of those relate to the
merits of the bill of review.


 Although the merits of the bill of review have been
urged by the parties, they are not before this Court. The only issues before this Court
are whether the David as next friend of D.A.G. and D.A.G have standing to bring this
bill of review, and whether the trial court erred in awarding Angela’s attorney’s fees. 
These issues must be resolved without considering the validity of the underlying
divorce decree and SAPCR. See Durham v. Barrow, 600 S.W.2d 756, 760 (Tex.
1980). Because we agree with Angela, we address only whether David has standing
to bring this bill of review as next friend of D.A.G. 
          Section 153.071 of the Texas Family Code provides that, when both parents are
appointed as conservators of the child, the court shall specify the rights and duties of
the parents that are to be exercised by each independently, by joint agreement of the
parents, and exclusively by one parent. Tex. Fam. Code Ann. § 153.071 (Vernon
2002). Here, the divorce decree names both Angela and David as joint managing
conservators. In three sections, the court defines 1) those rights and duties that
Angela and David shall have at all times, 2) those rights and duties that Angela and
David shall have during their respective periods of possession, and 3) those rights and
duties that Angela shall exercise exclusively. Among those rights and duties that
Angela shall exercise exclusively is the right to represent the children in legal actions
and to make other decisions of substantial legal significance. Angela asserts that,
because the court granted the right to bring legal actions exclusively to her, not
David, David has no standing to bring this bill of review as next friend of D.A.G. 
          In Davis v. Davis, Howard and Barbara Davis divorced, and Barbara was
granted the power to represent their children in legal actions and to make other
decisions of substantial legal significance. 734 S.W.2d 707, 708, 710 (Tex.
App.—Houston [1st Dist.] 1987, writ ref’d). Howard subsequently brought suit as
next friend for his two minor sons. Id. at 710. The court held that, because Barbara
was granted the exclusive right to bring legal actions and because Howard did not
allege that the conservatorship order had been modified, Howard did not have
standing to bring this suit as next friend for his sons. Id. In the present case, David
did not allege that the divorce decree had been modified and attempts to exercise a
right granted exclusively to Angela. We conclude that David does not have standing
to bring this bill of review as next friend of D.A.G. and affirm the trial court’s
judgment dismissing the bill of review for lack of jurisdiction.
          We next address whether the trial court erred in awarding Angela’s attorney’s
fees. Without providing any citations to authorities, David presents three conclusory
statements: (1) “Angela should not be reimbursed her attorney fees and in effect
compensated for her fraudulent representations concerning [D.A.G.]’s parentage,” (2)
“David should not be punished for calling to the court’s attention on behalf of
[D.A.G.] Angela’s fraud as well as the procedural and constitutional irregularities
surrounding the SAPCR,” and (3) “if the SAPCR is void for failure to serve the
necessary party, David should not be punished for calling the court’s attention to
avoid SAPCR determination.” Because David provides no argument or authorities
aside from these conclusory statements, we conclude David has waived this issue. 
Tex. R. App. P. 38.1(h); J.B. Custom Design and Bldg. v. Clawson, 794 S.W.2d 38,
41 (Tex. App.—Houston [1st Dist.] 1990, no writ).
CONCLUSION
Accordingly, we affirm the judgment of the trial court.
 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.