NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

In the Matter of:

ROGER H. MCCARTY, ROGER MCCARTY TRUST, THE ROGER
MCCARTY EXEMPT MARITAL TRUST, THE ROGER MCCARTY NON-
EXEMPT MARITAL TRUST, THE ROGER MCCARTY FAMILY TRUST,
THE ROGER MCCARTY EXEMPT FAMILY TRUST, ROGER MCCARTY
NON-EXEMPT FAMILY TRUST

---

MICHELE MCCARTY WOODS, *Petitioner/Appellant/Cross-Appellee*,

*v.*

JANE L. MCCARTY, *Respondent/Appellee/Cross-Appellant.*

No. 1 CA-CV 19-0056
FILED 6-2-2020

---

Appeal from the Superior Court in Maricopa County
No. PB2016-003876
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore, Retired*

## AFFIRMED IN PART; REVERSED AND REMANDED IN PART

---

COUNSEL

Snell & Wilmer, LLP, Phoenix
By John C. Vryhof, Kevin W. Wright
*Counsel for Petitioner/Appellant/Cross-Appellee*

Sherman & Howard LLC, Phoenix
By Matthew A. Hesketh, Sean M. Moore
*Counsel for Respondent/Appellee/Cross-Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1 Michele McCarty Woods ("Michele") appeals the superior court's order granting summary judgment in favor of Jane McCarty as the trustee ("Trustee") and beneficiary of the Roger McCarty Trust ("Trust"), and the Trustee cross-appeals the court's denial of its motion to dismiss for lack of personal jurisdiction. We affirm the exercise of personal jurisdiction, but reverse the finding that Michele is not entitled to an accounting. We remand for the superior court to consider whether Michele established good cause for her entitlement to an accounting as an interested person and, if so, a determination of the sufficiency of the accounting previously provided.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 Roger McCarty created the Roger McCarty Trust. The Roger McCarty Trust Declaration states, and the parties do not dispute, that it is a Texas trust to be governed by Texas law. *See* Trust, Art. XI. Michele is one of Roger's two surviving adult children. On Roger's death in 2011, the assets of the Roger McCarty Trust, after certain distributions to specific individuals, were distributed among three trusts: (1) the Roger McCarty Exempt Marital Trust, (2) the Roger McCarty Non-Exempt Marital Trust I, and (3) the Roger McCarty Non-Exempt Marital Trust II (collectively, "the Marital Trusts"). *See* Trust, Art. V.

¶3 Jane, Roger's widow, is the sole trustee of the Marital Trusts. *See* Trust, Art. II. During Jane's life, she is the sole income beneficiary of the Marital Trusts. *See* Trust, Art. V. On Jane's death, the Marital Trusts terminate and the assets of the Marital Trusts will be distributed to the Roger McCarty Non-Exempt Family Trust and the Roger McCarty Exempt Family Trust (collectively, the "Family Trusts"). *See* Trust, Art. V(C)(2). Michele is one of several Family Trust beneficiaries. *See* Trust, Art. VI.

2

¶4   The Trustee provided Michele with the Marital Trusts' tax returns, which include balance sheets listing the Trusts' assets, income, expenses, and distributions, for 2014 through 2016. In 2016, Michele petitioned in Maricopa County superior court for an accounting, alleging that despite her written request, the Trustee did not provide a proper accounting as required by Texas law. The Trustee moved to dismiss the petition, arguing that Arizona did not have personal jurisdiction over her because she was a Texas resident and the Marital Trusts are Texas trusts. The superior court denied the motion to dismiss. The parties then filed competing motions for summary judgment. After oral argument, the court found Michele was not entitled to an accounting because she was not a beneficiary of the Marital Trusts. The court granted judgment in favor of the Trustee, dismissed the petition for an accounting, and awarded $40,866.67 in attorneys' fees to the Trustee. After the court denied her motion to alter, amend, or vacate the judgment, Michele filed a timely notice of appeal. We have jurisdiction under A.R.S. section 12-2101(A)(1).

## DISCUSSION

### I.  Personal Jurisdiction

¶5   The superior court exercised statutory personal jurisdiction after finding that Michele made a *prima facie* showing that Arizona is the principal place of administration for the Marital Trusts, which the Trustee failed to rebut. *Arizona Tile, L.L.C. v. Berger*, 223 Ariz. 491, 493, ¶ 8 (App. 2010). We review this ruling *de novo*. *Hoag v. French*, 238 Ariz. 118, 121, 122, ¶¶ 10, 17 (App. 2015). A *prima facie* case requires evidence sufficient to avoid a directed verdict. *Bohreer v. Erie Ins. Exchange*, 216 Ariz. 208, 211, ¶ 7 (App. 2007). A directed verdict should be granted only if the evidence, taken in a light most favorable to the non-moving party, "has so little probative value that reasonable people could not find for the claimant." *Shoen v. Shoen*, 191 Ariz. 64, 65 (App. 1997).

### A.  Statutory Jurisdiction

¶6   By statute, Arizona may exercise jurisdiction over trusts that have Arizona as their principal place of administration. A.R.S. § 14-10202(A). Michele argues that Arizona is the principal place of administration for the Marital Trusts. The Trustee argues that Roger McCarty, the trustor, intended Texas to be the principal place of administration because the Trust Declaration states that it is a Texas trust "to be governed, construed, and administered according to its laws, and shall continue to be so, although conducted or administered elsewhere

within these United States." Trust, Art. XI. But the Trustee concedes that this is not a specific designation, and Michele contends the principal place of administration changed when Jane became trustee of the Marital Trusts because Jane lives in Arizona and hired an attorney and an accountant in Arizona to represent her as trustee.

¶7 Michele notes that the trial court considered whether the statutory elements of a principle place of administration found in A.R.S. § 14-10108(A) are present here. But that statute provides guidance to a court in deciding if "the terms of a trust designating the principal place of administration are valid and controlling[.]" A.R.S. § 14-10108(A). Neither party disputes the fact that the Marital trusts made no such designation.

¶8 The comments to the Uniform Trust Code ("U.T.C.") section upon which § 14–10202 is based state that "[a] trust's principal place of administration ordinarily will be the place where the trustee is located." U.T.C. § 108, cmt. (Unif. Law Comm'n 2000); *see also May v. Ellis*, 208 Ariz. 229, 232, ¶ 12 (2004) (When "'a statute is based on a uniform act, we assume that the legislature intended to adopt the construction placed on the act by its drafters,' and '[c]ommentary to such a uniform act is highly persuasive.'") (quoting *UNUM Life Ins. Co. of Am. v. Craig*, 200 Ariz. 327, 332, ¶ 25 (2001)). According to Jane's affidavits, she was a Texas resident until June 2016 (and thereafter a Nevada resident), was registered to vote in Texas, and had a Texas driver's license. While Jane concedes she is a winter visitor in Arizona and that she hired an Arizona attorney and accountant, she contends that her legal residence has never been Arizona; thus, Arizona is not the principal place of administration. A party may have only one domicile, and nothing in the record suggests that Arizona is Jane's domicile. *See Ariz. Bd. of Regents v. Harper,* 108 Ariz. 223, 228 (1972) (domicile requires physical presence and intent to remain permanently and a person may have only one domicile at a time).

¶9 Michele offered evidence to refute Jane's claim that she does not reside in Arizona. For example, Jane, as executor of Roger McCarty's estate, listed her Arizona address on the estate's 2013 tax return. Jane is listed as the sole member and manager of an Arizona LLC and she provided her Arizona address on the LLC's incorporation documents in 2015. However, these documents do not demonstrate that Jane intended to permanently change her residence and her affidavits state that, to the contrary, she intended to remain a Texas resident until she moved to Nevada in June 2016.

¶10        Michele contends that, as relevant to the question of where the trust is principally administered, the letter from the Trustee's Arizona attorney responding to Michele's request for additional information shows that the Arizona attorney administers the Marital Trusts on the Trustee's behalf. But the relevant inquiry is where the trustee is located. *See* U.T.C. § 108 cmt. If determining the principal place of administration is difficult, courts may consider where the trust records are kept or the assets held. *Id.* The trust records and books are kept in Texas and none of the assets are located in Arizona. We conclude the Marital Trusts were not principally administered in Arizona.

## B.        Specific Personal Jurisdiction

¶11        In the absence of statutory jurisdiction, A.R.S. § 14-10202(C) allows "other methods of obtaining jurisdiction over a trustee[.]" *See also*, *Hoag,* 238 Ariz. at 122, ¶ 17. "Arizona courts may exercise personal jurisdiction to the maximum extent allowed by the United States Constitution." *Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 265, ¶ 12 (2011); *accord* Ariz. R. Civ. P. 4.2(a).

¶12        Arizona courts may exercise specific personal jurisdiction over non-resident defendants when the party "has sufficient contacts with the state to make the exercise of jurisdiction 'reasonable and just' with respect to that claim." *Planning Grp.*, 226 Ariz. at 265, ¶ 13 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Sufficient contacts by an out-of-state defendant occur when the aggregate of the defendant's contacts with this state demonstrate (1) purposeful conduct by the defendant targeting the forum, rather than accidental or casual contacts or those brought about by the plaintiff's unilateral acts, (2) a nexus between those contacts and the claim asserted, and (3) that exercise of jurisdiction would be reasonable. *Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417, ¶ 9 (App. 2013) (citation omitted). This "inquiry focuses on the relationship between the defendant, the forum, and the litigation." *Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 271 (1987) (citation omitted).

¶13        Jane argues that Arizona lacks personal jurisdiction because her actions in Arizona do not relate to her duties as trustee. The evidence is to the contrary. The Trustee hired an Arizona accountant to prepare trust tax returns from 2014 through 2016. Jane hired an Arizona attorney to represent her and respond to Michele's requests for information about the Marital Trusts, the genesis of this very dispute. Jane initiated the relationships with these Arizona professionals, knew their work would be conducted here, presumably sent regular payments, and had other

communications with them. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) ("And with respect to interstate contractual obligations, we have emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities.") (quoting *Traveler's Health Assn. v. Virginia*, 339 U.S. 643, 647 (1950)).

¶14 The totality of Jane's activity shows that her contacts with Arizona are neither "random, fortuitous, or attenuated," *Batton,* 153 Ariz. at 271 (1987) (citations omitted), and that she could reasonably "expect to be haled" into Arizona courts, *Planning Grp.,* 226 Ariz. at 269, ¶ 29 (assessing jurisdiction contacts in totality, not in isolation). In addition to her contractual relationships, she visits Arizona in the winter, maintains a Paradise Valley address, and uses that address when conducting business, including for a Trustee's check to the IRS in February 2013. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("relevant contact[s]" include physical presence and continuing contractual relationships). Through such contacts, the Trustee has "purposefully avail[ed] [herself] of the privilege of conducting activities" within Arizona. *Beverage*, 232 Ariz. at 418, ¶ 18.

¶15 Moreover, the professional services that are at the heart of this dispute occurred in Arizona, and the accounting services occurred on an ongoing basis over time. Altogether, we conclude this evidence establishes a *prima facie* case that the Trustee engaged in purposeful conduct related to the Marital Trusts in Arizona. *Cf. Beverage*, 232 Ariz. at 419, ¶¶ 18–19 (holding that Arizona had personal jurisdiction over an out of state law firm whose work for an Arizona client gave rise to the lawsuit). The Trustee has sufficient purposeful contacts with Arizona to respond to Michele's petition for an accounting in an Arizona court.

¶16 The Trustee argues that it is not reasonable for Arizona to exercise jurisdiction because no beneficiaries are in Arizona and the assets in the Marital Trusts are in Texas. The focus of this litigation is whether Michele may obtain an accounting and, if so, whether the financial documents prepared in Arizona suffice. *Planning Grp.*, 226 Ariz. at 271, ¶ 41 (citing *Burger King*, 471 U.S. at 474). Presumably, the Arizona accountant would be a primary witness as to trust financial documents and whether they suffice as an accounting. *Cf. Beverage*, 232 Ariz. at 420, ¶ 27. The Trustee has not presented a compelling case that litigating the case in Arizona would be an unreasonable burden. *See id.* at ¶¶ 27–28. The existence of other significant contacts with Texas does not render the existence of personal jurisdiction in Arizona improper. "[P]ersonal

jurisdiction is not a zero-sum game; a defendant may have the requisite minimum contacts allowing the exercise of personal jurisdiction by the courts of more than one state with respect to a particular claim." *Planning Grp.*, 226 Ariz. at 268, ¶ 27. We affirm the exercise of personal jurisdiction over the Trustee.

## II. Michele is an Interested Person and May be Entitled to an Accounting on a Showing of Good Cause.

¶17 Texas law provides that two groups may demand an accounting from a trustee. First, the court may order an accounting to "all beneficiaries on finding that the nature of the beneficiary's interest in the nature of the trust or the effect of the administration of the trust on the beneficiary's interest is sufficient to require an accounting[.]" Tex. Prop. Code § 113.151(a). Second, the court may order a trustee to provide an accounting to an "interested person on finding that the nature of the interest in the trust of, the claim against the trust by, or the effect of the administration of the trust on the interested person is sufficient to require an accounting[.]" § 113.151(b).

¶18 Michele argues that, under Texas law, she is a "vested remainder beneficiary" entitled to an accounting under Tex. Prop. Code § 113.151(a). The Trustee argues that Michele is not a beneficiary of the Marital Trusts and will only receive a distribution from the *Family* Trusts which do not yet exist, so Michele is not a beneficiary of the *Marital* Trusts and is not entitled to an accounting. We need not decide if Michele is a "beneficiary" under Tex. Prop. Code § 113.151(a) because we conclude that she is an "interested person," under Tex. Prop. Code § 113.151(b).

¶19 Texas law allows an interested party to demand an accounting. Tex. Prop. Code § 113.151(b). The Trustee argues that Michele waived this argument under Arizona Rule of Civil Procedure 7.1(a) by not properly developing it in the superior court. We disagree. Michele pled this alternative basis for her request in her motion for summary judgment and reply, citing to two Texas statutes and with the facts supporting her argument being largely coterminous with her purported basis as beneficiary. *See* Ariz. R. Civ. P 7.1(a)(2) (requiring motions to be accompanied by memoranda with "citations to . . . supporting authorities and evidence"). Michele also raised this alternative argument in her post-judgment motions. Although the argument was not as well-developed as it is on appeal, it was sufficiently raised in the superior court.

¶20 The statutory definition of an "interested person" includes:

> any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust. Whether a person, excluding a trustee or named beneficiary, is an interested person may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding.

Tex. Prop. Code § 111.004(7); *see also* Tex. Prop. Code § 113.151(b). An "interest" includes one that is "legal or equitable or both, present or future, vested or contingent[.]" § 111.004(6). Thus, Michele need not be a "beneficiary" to have standing to demand an accounting under Tex. Prop. Code § 113.151(b).

**¶21** Michele contends that she is affected by the administration of the Marital Trusts because she becomes a beneficiary of the subsequent Family Trusts that come into being upon Jane's death and the termination of the Marital Trusts. Michele is to receive specific assets that are now held in the Marital Trusts. *See* Trust, Art. VI(B)(2)(a)(iii), (d), (e), (g), (h). Whether Michele is a remainder beneficiary is not dispositive. Although a remainder beneficiary is a "beneficiary" under Texas law, *see* Tex. Prop. Code § 116.002, both a beneficiary *and an interested person* may be entitled to an accounting. Tex. Prop. Code § 113.151. Thus, Michele need not show that she is a remainder beneficiary to invoke her rights as an interested person.

**¶22** The Trustee further contends because Michele does not stand to inherit from the Marital Trusts, she does not qualify as an interested person. In support of this position, the Trustee cites *Davis v. Davis*, 734 S.W.2d 707 (Tex. App. 1987). In *Davis,* the appellant brought a claim for an accounting and to remove the trustee of a family trust. *Id.* at 708. The trust was created by the appellant's mother for the benefit of the appellant's children. *Id.* The appellant's ex-wife and a bank were named co-trustees. *Id.* The appellant argued that he was an interested person as a residuary beneficiary because if one of his children died intestate, he would inherit that child's interest in the trust. *Id.* at 709. The court rejected this, holding that the possibility of an inheritance does not create a present interest in the property. *Id.* Thus, the court found appellant was not an interested person. *Id.* at 709–10.

**¶23** Unlike the appellant in *Davis,* Michele has more than a possible right to inherit the Marital Trust assets. Her right to inherit from the Family Trust arises immediately upon Jane's death and the termination

8

of the Marital Trusts. For this reason, Michele's interest is not as remote or uncertain as that in *Davis*.

**¶24**    Whether a person qualifies as an interested person "must be determined according to the particular purposes of and matter involved in any proceeding." Tex. Prop. Code § 111.004(7). Here, the initial Trust Declaration created two successive trusts funded by the same principal assets. The fact that the Marital Trusts must first terminate and then a second set of Family Trusts must be formed does not negate Michele's (and those similarly situated) interest in ensuring the assets are properly protected.

**¶25**    This is particularly true here because Jane is both the sole trustee and the sole lifetime beneficiary of the Marital Trusts. The Trustee's interpretation means that only she can hold herself responsible for properly managing the assets that Roger intended to pass on to his children and grandchildren after Jane's death, according to the terms in the Trust Declaration. The Marital Trusts do not provide Jane with an unrestricted right to invade the principal; the Trustee may distribute principal as "necessary or advisable for [Jane's] maintenance in health and reasonable comfort." Trust, Art. V(B)(1)(b) and (C)(1)(b). This limitation, coupled with the extensive instructions for funding the subsequent Family Trusts, show that the Trustor intended for the beneficiaries of the Family Trusts to receive assets from Marital Trusts.

**¶26**    The Trustee contends it needs additional discovery to determine whether Michele qualifies as an interested person. We disagree. Michele's interests are based on the terms of the Trust Declaration and Texas law.

**¶27**    The Trustee also argues that Michele's demand for an accounting did not comply with Tex. Prop. Code § 113.151(a) because Michele did not demand that the Trustee provide an accounting "to each beneficiary." Although Michele sought an accounting for herself, we do not find this dispositive. This specific pleading requirement does not apply to demands by interested persons, who may seek an accounting for only themselves. *See* Tex. Prop. Code § 113.151(b). Additionally, the petition could be amended to add a request on behalf of all beneficiaries.

**¶28**    But, Trustee's counsel correctly pointed out at oral argument that under Texas law, the terms of a trust prevail over default trust statutes except in enumerated circumstances. Tex. Prop. Code § 111.0035(b). The default statute provides that a court may order an accounting to an

interested person, but the Trust Document provides that the Trustee may only be required to produce an accounting to such an interested person on a showing of good cause. *Compare* Tex. Prop. Code § 113.151(b), *with* Trust Art. X(B). As the trial court did not address the issue, on remand, Michele must demonstrate good cause pursuant to the trust document in order to be entitled to an accounting.

### III.    Sufficiency of the Accounting

¶29        If Michele is entitled to an accounting, the Trustee offers an alternative ground for summary judgment: that the documents voluntarily provided to Michele were sufficient as an accounting under Texas law. But the superior court did not reach this issue, and the exhibits in the record on appeal are either partially redacted or so incomplete as to give little clue as to whether Michele actually received the information required in an accounting by Tex. Prop. Code § 113.152. We are not inclined to make this fact-intensive evaluation in the first instance, let alone with the insufficient information supplied by the record. We leave it to the court on remand to determine if the Trustee is entitled to summary judgment on this ground if necessary after its determination of whether good cause exists.

### IV.    Attorneys' Fees

¶30        The superior court ordered Michele to pay a portion of the Trustee's attorneys' fees under A.R.S. § 14-11004(B). In light of our disposition, we instruct the superior court to reconsider the award of attorneys' fees on remand.

¶31        Both parties request an award of attorneys' fees on appeal under A.R.S. § 14-11004(B). The Trustee also cites Tex. Prop. Code § 114.064 in support of her request. Arizona law grants the court discretion to order an opposing party to pay the other party's fees. A.R.S. § 14-11004(B). In the exercise of our discretion, we order each party shall bear her own attorneys' fees on appeal.

### CONCLUSION

¶32        We affirm the superior court's exercise of personal jurisdiction over Jane as trustee. We reverse the orders finding Michele was not entitled to an accounting and remand for the court to determine whether Michele has demonstrated good cause for an accounting as an interested person, and if so, whether the financial documents provided by the Trustee complied with Texas law. The court shall also reconsider the

award of attorneys' fees on remand.



AMY M. WOOD • Clerk of the Court
FILED:    AA