Kham Van Lo v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-264-CR

KHAM VAN LO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Kham Van Lo of three counts of aggravated robbery with a deadly weapon, and the trial court sentenced him to thirty years’ confinement.  In three issues, Lo complains that the evidence is legally and factually insufficient to support a conviction.  We will affirm.

II.  Factual and Procedural Background

On February 13, 2004, Lo and three other men entered the residence where Hao Tran, Monorom Kiv, Hao and Monorom’s infant daughter Madalyn, and John Tran all lived.  A friend, Elizabeth Hoang, was also inside the residence at that time.  The men restrained Hao, Monorom, Elizabeth, and John with duct tape and ordered them into the bathroom.  Lo, who was wearing a red jacket, held them at gunpoint in the bathroom while the other men searched the residence and took items.  Lo asked Monorom and Hao for money and hit Hao with a gun.  Lo eventually handed the gun to another man and left the bathroom to search the residence with the others.   

At some point thereafter, Vannasinh Pakdimounivong, a friend of Hao’s and Monorom’s, entered the residence.  Vannasinh recognized one of the intruders as “Beck,” an acquaintance of his, and spoke to him.  Beck put a gun to Vannasinh’s back and forced him to accompany the intruders to the front door.  The intruders then left the residence with items they had taken and drove away. 

Hao left the residence to follow the men and eventually caught up to the intruder’s car.  Hao called the police from his car, and police soon stopped the intruder’s vehicle and found four men inside, including Lo, who was the only occupant wearing a red jacket.  The police also found property belonging to Monorom and Hao inside the vehicle.  The police arrested Lo.    

III.  Sufficiency of the Evidence

In three issues, Lo complains that the evidence is legally and factually insufficient to support his conviction.   

A. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); 
Ortiz v. State
, 993 S.W.2d 892, 895 (Tex. App.—Fort Worth 1999, no pet.).  Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried.  
Gollihar v. State
, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); 
Malik
, 953 S.W.2d at 240.  The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument.  
See Curry
, 30 S.W.3d at 404.
  The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In contrast, in reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. Evidence of John’s Status as an Injured Party to the Robbery

In his first issue, Lo contends that the evidence is legally insufficient to support a conviction on Count Four of the indictment, which concerned the theft of John’s property, because Lo did not take any of John’s property.  The State responds that the evidence is legally sufficient because Lo assaulted John as a part of his theft of property belonging to others.   

In Count Four of the indictment, the State charged Lo with 

intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten[ing] or plac[ing] John Minh Tran in fear of imminent bodily injury or death, and [Lo] did then and there use or exhibit [a] deadly weapon, to-wit: a firearm.   

At trial, John testified that the men did not take any of his property during the offense.  For this reason, Lo moved for a directed verdict on Count Four of the indictment, and the court denied his motion.   

Section 29.02 of the Texas Penal Code defines robbery as follows:   

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:  

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. 

Tex. Penal Code Ann. 
§ 29.02(a) (Vernon 2005).  A robbery becomes aggravated if the defendant commits a robbery as defined in section 29.02 and he “uses or exhibits a deadly weapon.”  
See id.
 § 29.03(a)(2).

In
 Ex Parte Hawkins
, the court of criminal appeals addressed the issue of the number of robbery prosecutions that may be brought when an actor assaults more than one person in the course of stealing one item of property.  
6 S.W.3d 554, 555 (Tex. Crim. App. 1999)
.  The court pointed out that the legislature prescribes the “allowable unit of prosecution,” which is “a distinguishable discrete act that is a separate violation of the statute.”  
Id.
 at 556 (citing
 Sanabria v. United States
, 437 U.S. 54, 69-70, 98 S. Ct. 2170, 2181-82 (1978)).  The 
Hawkins 
court concluded that because robbery is no longer a form of theft, the allowable unit of prosecution should not be “one theft of one person.”  
Id. 
at 560 (citing 
Ex Parte Crosby
, 703 S.W.2d 683, 685 (Tex. Crim. App. 1986)).  The court held that robbery is an assaultive offense and that the allowable unit of prosecution is each injured party
.  
Id.

Lo contends that because the legislature kept the offense of robbery in Title 7 of the Texas Penal Code—entitled “Offenses Against Property”—after the court of criminal appeals decided 
Hawkins
, it intended robbery to remain an offense against property.  
See
 
Tex. Penal Code Ann. 
tit. 7 (Vernon 2005). 
Otherwise, Lo reasons, the legislature would have moved robbery to Title 5, which is entitled “Offenses Against the Person.”  
See
 
Tex. Penal Code Ann. 
tit. 5 (Vernon 2005).  
Lo asks us to revisit the issue.
(footnote: 2)  However, as an intermediate appellate court, we are bound to follow the pronouncements of the court of criminal appeals.  
See Wiley v. State
, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref’d).
  
The court of criminal appeals has unequivocally held that robbery is an assaultive offense and that the allowable unit of prosecution is each injured party.  
Hawkins
, 
6 S.W.3d at 560.  Thus, applying 
Hawkins
 and viewing the evidence in a light most favorable to the verdict, we hold that a rational trier of fact could have found that Lo committed the offense of robbery against John.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.
  
Accordingly, we overrule Lo’s first issue.

C. Evidence that Lo Participated in the Robbery

In his second issue, Lo argues that there is legally insufficient evidence to prove that Lo committed robbery because no one identified Lo as one of the robbers.  In his third issue, Lo contends that the evidence was factually insufficient to prove that Lo was one of the robbers because police did not find a bag that two of the victims said the intruders carried out of the residence.  The State responds that the evidence is amply sufficient to support a conviction. 

The evidence most favorable to the verdict is as follows.  Hao testified that “about four people” duct-taped him, Monorom, and Elizabeth.  Hao also testified that 
three of the men were wearing masks and that the other was a heavy-set, Asian man.  Hao further testified that the man who held him, Monorom, Elizabeth, and John at gunpoint in the bathroom was wearing a red jacket.  
Hao also testified that the man wearing a red jacket hit him with a gun. Vannasinh testified that a green Toyota 4Runner was outside the residence when he arrived. 
 Monorom testified that she saw the men get into a car and drive away and that she 
wrote down the vehicle’s license plate number.  Hao testified that Monorom told him that the men were driving a green Toyota 4Runner and that she gave him the vehicle’s license plate number. 
Hao testified that he left his residence to follow the 4Runner and that he eventually caught up with it.  He testified that he saw Asian men inside the vehicle.  
Hao testified that the vehicle did not stop while he was following it and that he did not see anyone enter or exit the vehicle until after the police stopped it.  
One of the officers who pulled over the 4Runner testified that there were four men inside and that Lo was the only one of the four who was wearing a red jacket.  Officers searched the 4Runner and found, among other things, a number of handguns, including at least two that belonged to Hao, cell phones belonging to Hao, a sheet from Monorom’s and Hao’s bed, and Monorom’s shoes.   

The evidence contrary to the verdict is as follows.  Monorom testified that she could not recall the number of men who entered her residence and robbed her.  Monorom testified that the man who held her, Hao, Elizabeth, and John in the bathroom had a stocking over his face, but she could not recall what he was wearing.  Monorom testified that Lo’s picture was one of the pictures the police showed to her, but she did not recall seeing Lo in her residence during the offense.  Both Monorom and John testified that one of the men carried a black bag or black trash bag out of the residence.  However, the police did not find a black bag or black trash bag in the 4Runner. 

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that Lo was one of the robbers.
  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693; 
see also Oliver v. State
, 613 S.W.2d 270, 274 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g) (holding that the State may use direct or circumstantial evidence to prove the identity of a perpetrator); 
 Pitte v. State
, 102 S.W.3d 786, 794 (Tex. App.—Texarkana 2003, no pet.) (holding that there was legally sufficient evidence identifying appellant as the person who robbed complainant).  
Viewing all of the evidence in a neutral light, favoring neither party, we hold that the jury was rationally justified in finding that Lo was one of robbers.  
See Zuniga
, 144 S.W.3d at 
481.  Even if there is some evidence that Lo was not one of the robbers, this evidence is not so strong that Lo’s guilt cannot be proven beyond a reasonable doubt.  
See id. 
at 484-85;
 see also Oliver
, 613 S.W.2d at 274; 
Pitte
, 102 S.W.3d at 794 (holding that there was factually sufficient evidence identifying appellant as the person who robbed complainant).

Accordingly, we hold that the evidence is legally and factually sufficient to support the jury’s verdict.  
See Jackson
, 443 U.S. at 319; 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693; 
Zuniga
, 144 S.W.3d at 481.  We overrule Lo’s second and third issues.

IV.  Conclusion

Having overruled Lo’s three issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 27, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
In 
Hawkins
, the concurrence offered the same argument that Lo makes here, and the majority rejected that argument by stating, 

Although robbery and aggravated robbery are classified as offenses against property, . . . the taking of property is no longer an essential element of the offense.  The primary interest protected by the robbery offenses is the security of the person from bodily injury or threat of bodily injury that is committed in the course of committing theft. The security of the person from such injury and threats is also the central interest protected by the assault provisions of the Code, and much of the statutory language is the same.

Hawkins
, 6 S.W.3d at 560 (citations omitted).