COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-05-264-CR

 

 

KHAM VAN LO                                                                    APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction

 

A jury convicted Kham Van Lo of three counts of
aggravated robbery with a deadly weapon, and the trial court sentenced him to
thirty years= confinement.  In three issues, Lo complains that the
evidence is legally and factually insufficient to support a conviction.  We will affirm.








II.  Factual and Procedural Background

On February 13, 2004, Lo and three other men
entered the residence where Hao Tran, Monorom Kiv, Hao and Monorom=s infant
daughter Madalyn, and John Tran all lived. 
A friend, Elizabeth Hoang, was also inside the residence at that
time.  The men restrained Hao, Monorom,
Elizabeth, and John with duct tape and ordered them into the bathroom.  Lo, who was wearing a red jacket, held them
at gunpoint in the bathroom while the other men searched the residence and took
items.  Lo asked Monorom and Hao for
money and hit Hao with a gun.  Lo
eventually handed the gun to another man and left the bathroom to search the
residence with the others.   

At some point thereafter, Vannasinh Pakdimounivong,
a friend of Hao=s and Monorom=s,
entered the residence.  Vannasinh
recognized one of the intruders as ABeck,@ an
acquaintance of his, and spoke to him. 
Beck put a gun to Vannasinh=s back
and forced him to accompany the intruders to the front door.  The intruders then left the residence with
items they had taken and drove away. 








Hao left the residence to follow the men and
eventually caught up to the intruder=s
car.  Hao called the police from his car,
and police soon stopped the intruder=s
vehicle and found four men inside, including Lo, who was the only occupant
wearing a red jacket.  The police also
found property belonging to Monorom and Hao inside the vehicle.  The police arrested Lo.    

III.  Sufficiency of the Evidence

In three issues, Lo complains that the evidence
is legally and factually insufficient to support his conviction.   

A.     Standards of Review








In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).  This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The sufficiency of the evidence should be
measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Ortiz v. State,
993 S.W.2d 892, 895 (Tex. App.CFort
Worth 1999, no pet.).  Such a charge would
be one that accurately sets out the law, is authorized by the indictment, does
not unnecessarily restrict the State=s
theories of liability, and adequately describes the particular offense for
which the defendant was tried.  Gollihar
v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953
S.W.2d at 240.  The law as authorized by
the indictment means the statutory elements of the charged offense as modified
by the charging instrument.  See Curry,
30 S.W.3d at 404.  The standard of review
is the same for direct and circumstantial evidence cases.  Burden v. State, 55 S.W.3d 608, 613
(Tex. Crim. App. 2001); Kutzner v. State, 994 S.W.2d 180, 184 (Tex.
Crim. App. 1999).








In contrast, in reviewing the factual sufficiency
of the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party.  See
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual
sufficiency review is whether, considering the evidence in a neutral light, the
fact finder was rationally justified in finding guilt beyond a reasonable
doubt.  Id. at 484.  There are two ways evidence may be factually
insufficient:  (1) when the evidence
supporting the verdict or judgment, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt; or (2) when there is
evidence both supporting and contradicting the verdict or judgment and,
weighing all of the evidence, the contrary evidence is so strong that guilt
cannot be proven beyond a reasonable doubt. 
Id. at 484-85.  AThis
standard acknowledges that evidence of guilt can >preponderate= in
favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.   In
performing a factual sufficiency review, we are to give deference to the fact
finder=s
determinations, including determinations involving the credibility and demeanor
of witnesses.  Id. at 481; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  








A proper factual sufficiency review requires an
examination of all the evidence.  Id.
at 484, 486-87.  An opinion addressing
factual sufficiency must include a discussion of the most important and
relevant evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.     Evidence of John=s Status
as an Injured Party to the Robbery

In his first issue, Lo contends that the evidence
is legally insufficient to support a conviction on Count Four of the
indictment, which concerned the theft of John=s
property, because Lo did not take any of John=s
property.  The State responds that the
evidence is legally sufficient because Lo assaulted John as a part of his theft
of property belonging to others.   

In Count Four of the indictment, the State
charged Lo with 

intentionally or knowingly, while in the course
of committing theft of property and with intent to obtain or maintain control
of said property, threaten[ing] or plac[ing] John Minh Tran in fear of imminent
bodily injury or death, and [Lo] did then and there use or exhibit [a] deadly
weapon, to-wit: a firearm.   

At trial, John testified that the men did not take any of his property
during the offense.  For this reason, Lo
moved for a directed verdict on Count Four of the indictment, and the court
denied his motion.   

Section
29.02 of the Texas Penal Code defines robbery as follows:   

(a)     A person commits an offense if, in the
course of committing theft as defined in Chapter 31 and with intent to obtain
or maintain control of the property, he: 


 








(1)    intentionally, knowingly, or recklessly
causes bodily injury to another; or

 

(2)    intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death. 

 

Tex.
Penal Code Ann. ' 29.02(a) (Vernon 2005).  A robbery becomes aggravated if the defendant
commits a robbery as defined in section 29.02 and he Auses or
exhibits a deadly weapon.@  See id.
' 29.03(a)(2).

In Ex Parte Hawkins, the court of criminal
appeals addressed the issue of the number of robbery prosecutions that may be
brought when an actor assaults more than one person in the course of stealing
one item of property.  6 S.W.3d 554, 555
(Tex. Crim. App. 1999).  The court
pointed out that the legislature prescribes the Aallowable
unit of prosecution,@ which is Aa
distinguishable discrete act that is a separate violation of the statute.@  Id. at 556 (citing Sanabria v.
United States, 437 U.S. 54, 69-70, 98 S. Ct. 2170, 2181-82 (1978)).  The Hawkins court concluded that
because robbery is no longer a form of theft, the allowable unit of prosecution
should not be Aone theft of one person.@  Id. at 560 (citing Ex Parte Crosby,
703 S.W.2d 683, 685 (Tex. Crim. App. 1986)). 
The court held that robbery is an assaultive offense and that the
allowable unit of prosecution is each injured party.  Id.













Lo contends that because the legislature kept the
offense of robbery in Title 7 of the Texas Penal CodeCentitled
AOffenses
Against Property@Cafter
the court of criminal appeals decided Hawkins, it intended robbery to
remain an offense against property.  See Tex.
Penal Code Ann. tit. 7 (Vernon 2005). Otherwise,
Lo reasons, the legislature would have moved robbery to Title 5, which is
entitled AOffenses Against the Person.@  See Tex. Penal Code Ann. tit. 5 (Vernon 2005).  Lo asks
us to revisit the issue.[2]  However, as an intermediate appellate court,
we are bound to follow the pronouncements of the court of criminal
appeals.  See Wiley v. State, 112
S.W.3d 173, 175 (Tex. App.CFort
Worth 2003, pet. ref=d).  The court of criminal appeals has
unequivocally held that robbery is an assaultive offense and that the allowable
unit of prosecution is each injured party. 
Hawkins, 6 S.W.3d at 560. 
Thus, applying Hawkins and viewing the evidence in a light most
favorable to the verdict, we hold that a rational trier of fact could have
found that Lo committed the offense of robbery against John.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Hampton, 165 S.W.3d at 693.  Accordingly, we overrule Lo=s first
issue.

C.     Evidence that Lo Participated in the
Robbery

In his second issue, Lo argues that there is
legally insufficient evidence to prove that Lo committed robbery because no one
identified Lo as one of the robbers.  In
his third issue, Lo contends that the evidence was factually insufficient to
prove that Lo was one of the robbers because police did not find a bag that two
of the victims said the intruders carried out of the residence.  The State responds that the evidence is amply
sufficient to support a conviction. 








The evidence most favorable to the verdict is as
follows.  Hao testified that Aabout
four people@ duct-taped him, Monorom, and
Elizabeth.  Hao also testified that three
of the men were wearing masks and that the other was a heavy-set, Asian
man.  Hao further testified that the man
who held him, Monorom, Elizabeth, and John at gunpoint in the bathroom was
wearing a red jacket.  Hao also testified
that the man wearing a red jacket hit him with a gun.         Vannasinh testified that a green Toyota 4Runner was outside
the residence when he arrived.  Monorom
testified that she saw the men get into a car and drive away and that she wrote
down the vehicle=s license plate number.  Hao testified that Monorom told him that the
men were driving a green Toyota 4Runner and that she gave him the vehicle=s
license plate number. Hao testified that he left his residence to follow the
4Runner and that he eventually caught up with it.  He testified that he saw Asian men inside the
vehicle.  Hao testified that the vehicle
did not stop while he was following it and that he did not see anyone enter or
exit the vehicle until after the police stopped it.  One of the officers who pulled over the
4Runner testified that there were four men inside and that Lo was the only one
of the four who was wearing a red jacket. 
Officers searched the 4Runner and found, among other things, a number of
handguns, including at least two that belonged to Hao, cell phones belonging to
Hao, a sheet from Monorom=s and Hao=s bed,
and Monorom=s shoes.   








The evidence contrary to the verdict is as
follows.  Monorom testified that she
could not recall the number of men who entered her residence and robbed
her.  Monorom testified that the man who
held her, Hao, Elizabeth, and John in the bathroom had a stocking over his
face, but she could not recall what he was wearing.  Monorom testified that Lo=s
picture was one of the pictures the police showed to her, but she did not
recall seeing Lo in her residence during the offense.  Both Monorom and John testified that one of
the men carried a black bag or black trash bag out of the residence.  However, the police did not find a black bag
or black trash bag in the 4Runner. 

Viewing the evidence in the light most favorable
to the verdict, we hold that a rational trier of fact could have found that Lo
was one of the robbers.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693; see
also Oliver v. State, 613 S.W.2d 270, 274 (Tex. Crim. App. [Panel Op.]
1981) (op. on reh=g) (holding that the State may
use direct or circumstantial evidence to prove the identity of a perpetrator);  Pitte v. State, 102 S.W.3d 786, 794 (Tex.
App.CTexarkana
2003, no pet.) (holding that there was legally sufficient evidence identifying
appellant as the person who robbed complainant).  Viewing all of the evidence in a neutral
light, favoring neither party, we hold that the jury was rationally justified
in finding that Lo was one of robbers.  See
Zuniga, 144 S.W.3d at 481.  Even if
there is some evidence that Lo was not one of the robbers, this evidence is not
so strong that Lo=s guilt cannot be proven beyond
a reasonable doubt.  See id. at
484-85; see also Oliver, 613 S.W.2d at 274; Pitte, 102 S.W.3d at
794 (holding that there was factually sufficient evidence identifying appellant
as the person who robbed complainant).








Accordingly, we hold that the evidence is legally
and factually sufficient to support the jury=s
verdict.  See Jackson, 443 U.S. at
319; 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693; Zuniga, 144
S.W.3d at 481.  We overrule Lo=s second
and third issues.

IV.  Conclusion

Having overruled Lo=s three
issues, we affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE,
C.J.; HOLMAN and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 27, 2006











[1]See Tex. R. App. P. 47.4.





[2]In Hawkins, the
concurrence offered the same argument that Lo makes here, and the majority
rejected that argument by stating, 

 

Although robbery and
aggravated robbery are classified as offenses against property, . . . the
taking of property is no longer an essential element of the offense.  The primary interest protected by the robbery
offenses is the security of the person from bodily injury or threat of bodily
injury that is committed in the course of committing theft. The security of the
person from such injury and threats is also the central interest protected by
the assault provisions of the Code, and much of the statutory language is the
same.

 

Hawkins, 6 S.W.3d at 560 (citations omitted).